CHIEF JUDGE RICARDO MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PERIENNE DE JARAY,<br><br>        Plaintiff,<br><br>    v.<br><br>ATTORNEY GENERAL OF CANADA FOR HER MAJESTY THE QUEEN, CANADIAN BORDER SERVICES AGENCY, GLOBAL AFFAIRS CANADA fka DEPARTMENT OF FOREIGN AFFAIRS AND INTERNATIONAL TRADE CANADA, GEORGE WEBB, KEVIN VARGA, and PATRICK LISKA,<br><br>        Defendants. | NO. 2:16-cv-00571-RSM<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO SET FRCP 16 CONFERENCE AND TO OPEN DISCOVERY**<br><br>Noted on Motion Calendar:<br>Friday, August 19, 2016 |

Defendants Attorney General of Canada for her Majesty the Queen, Canadian Border Services Agency, Global Affairs Canada, George Webb, Kevin Varga, and Patrick Liska respectfully oppose Plaintiff's motion (Dkt. 15) seeking to immediately open discovery in this matter and further seeking a status conference this month to establish "preliminary deadlines" to "manage this case." Plaintiff's motion is premature and unfounded given the nature of this matter. The Court should deny the motion, with leave for plaintiff to refile once Defendants have filed their motions to dismiss, if plaintiff can properly identify and adequately support the relief she requests.

DEFENDANTS' OPPOSITION TO MOTION FOR FRCP 16
STATUS CONF AND TO OPEN DISCOVERY - 1
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

## I.     Background

Plaintiff is a Canadian citizen and resident who seeks to impose liability in this Court on the federal Government of Canada (including two core federal entities and three employees of that Government) for allegedly improper conduct involving enforcement of Canada's technology export laws. Rather than bring her claims in the Canadian courts, plaintiff asserts jurisdiction in this Court under the Federal Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.* ("FSIA"), and the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS"). Complaint, ¶¶ 19-20. Plaintiff filed her Complaint on April 19, 2016; service was completed by agreement of the parties on August 5, 2016. The parties also agreed, and the Court has ordered, that defendants may respond to the Complaint on or before September 29, 2016. Dkt. 14.

Defendants intend to file Rule 12 motions to dismiss the Complaint in its entirety. Although defendants' motions are still being researched and drafted, the Government parties currently expect to file motions to dismiss:

- under Fed. R. Civ. P. 12(b)(6), because the Complaint fails to state any cognizable claim for relief against them;
- under Fed. R. Civ. P. 12(b)(1) and (2), because this Court lacks jurisdiction under the FSIA over the governmental parties and the claims in the Complaint; and
- under Fed. R. Civ. P. 12(b)(1) and (3), because this Court is not a proper venue under principles of *forum non conveniens*, comity, and the Act of State doctrine.

The individual defendants currently expect to file similar motions to dismiss:

- under Fed. R. Civ. P. 12(b)(6), because the Complaint fails to state any cognizable claim for relief against them;
- under Fed. R. Civ. P. 12(b)(1) and (2), because this Court lacks jurisdiction under the ATS over those parties and the claims in the Complaint, and because the individuals are immune from suit in this Court because of their official status; and
- under Fed. R. Civ. P. 12(b)(1) and (3), because this Court is not a proper venue

DEFENDANTS' OPPOSITION TO MOTION FOR FRCP 16
STATUS CONF AND TO OPEN DISCOVERY - 2
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

under the principles of *forum non conveniens*, comity, and the Act of State doctrine. In accordance with the Court's order, defendants will file these motions by September 29, 2016, and will note the motions for consideration on October 21, 2016.[1]

In late July 2016, plaintiff's counsel suggested that the parties were obligated to hold a discovery conference under Fed.R.Civ.P. 26(f) no later than August 2, 2016, and thereafter to submit a joint report to the Court by August 16, 2016. Declaration of David R. West ("West Decl."), Ex. B. Plaintiff identified August 16, 2016, as a "deadline" established by the Civil Rules for submission of a joint status report. *Id.* Defendants' counsel responded that the timing of the Rule 16 and 26 conferences and the resulting joint status report would be established by Court order, pursuant to this Court's Local Rules. *Id.* Rather than accepting counsel's representation, plaintiff communicated with the Court to specifically ask if the parties were required to immediately confer under Fed. R. Civ. P. 16 and 26. West Decl., Ex. A. On August 4, 2016, the Court's Courtroom Deputy confirmed that an initial scheduling order would be issued after the answer was filed and stated that there was "no need to submit a joint status report before then." *Id.* In other words, the Court confirmed defense counsel's representation and affirmed that there was no "deadline" for the parties to confer under Rules 16 or 26 until the Court so ordered. *Id.*

Apparently as unwilling to accept the Court's assurance that no deadline existed as she had been to accept defense counsel's identical representation, plaintiff asked defendants later that day if defendants would agree that plaintiff should have "the opportunity to take discovery in advance of motions to dismiss" so that plaintiff would be "prepared to respond." West Decl., Ex. B. Defense counsel replied that he was on vacation the following week and would respond to the inquiry on his return. *Id.* The following day, plaintiff's counsel indicated she would "move forward on our end given that time is limited" and would "move the court for leave to conduct discovery." *Id.* She also stated that if defense counsel "thought further conferral would

---

[1] Defendants originally proposed filing their motions in August but agreed to delay filing until late September to accommodate plaintiff's counsel's vacations planned for September.

DEFENDANTS' OPPOSITION TO MOTION FOR FRCP 16
STATUS CONF AND TO OPEN DISCOVERY - 3
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

be productive, please let me know right away." *Id.* Defendants' counsel immediately responded that further conferral was necessary, specifically regarding (at least) the type of discovery that was appropriate, what discovery plaintiff wanted to conduct, what issues required discovery, and how the proposed discovery met the standards of several cases that defendants had provided to plaintiff several days earlier.[2] *Id.*

Plaintiff's counsel then indicated that she was willing to confer on Monday, August 15, 2016, but only if defendants identified the "bases for" defendants' motions to dismiss. West Decl., Ex. B. Defendants' counsel confirmed that he was available to confer on Monday, August 15, 2016, the day after he returned from vacation. *Id.* He again asked what discovery plaintiff intended to conduct, and suggested that drafts of proposed discovery requests might advance the discussion. *Id.* Plaintiff stated that discovery would "depend on the bases for [defendants'] motions" and that, instead of conferring, plaintiff would simply file a motion. *Id.* Plaintiff then filed her motion—during defense counsel's vacation—as a "Second Friday" motion.

## II.  Arguments and Authorities

### A.  Plaintiff's Motion is Procedurally Improper.

Plaintiff's motion is improper procedurally for two reasons. First, Plaintiff noted this Motion under LCR 7(d)(2) as a "Second Friday" motion, even though it is not a motion for relief from a deadline, a motion for protective order, or a motion to seal. After the motion was filed, defendants advised plaintiff of this mistake and asked plaintiff to renote the motion as a "Third Friday" motion, further noting that plaintiff had filed her motion while defense counsel was on vacation. West Decl., Ex. B. Plaintiff refused to renote the motion, claiming that it was filed under Fed. R. Civ. P. 26 and was a "motion for relief from a deadline," specifically, the August 2, 2016, deadline she contended existed under Fed. R. Civ. P. 26(f). *Id.*

---

[2] These cases are discussed below on pp. 5-7.

DEFENDANTS' OPPOSITION TO MOTION FOR FRCP 16
STATUS CONF AND TO OPEN DISCOVERY - 4
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

Plaintiff's position makes no sense. The Court has confirmed that Fed. R. Civ. P. 16 and 26 impose no deadlines on the parties, so no "relief" from any deadline is needed. What plaintiff is actually requesting is to **create** a deadline (for a discovery conference) and also to initiate discovery. This is a Third Friday motion.

Second, Plaintiff failed to meet and confer in the manner required by LCR 1(c)(6), as she filed her motion without conferring in person or by telephone with opposing counsel prior to filing the motion. If plaintiff were in fact seeking relief from a deadline, a meet and confer would be required under LCR 7(j). Further, plaintiff's motion clearly is one for an order "compelling disclosure or discovery," and as such LCR 37(a)(1) required the parties to meet and confer prior to this motion. After the motion was filed, defendants requested that plaintiff withdraw the motion and meet and confer as planned on Monday, August 15, 2016. West Decl., Ex. B. Plaintiff refused to do so, claiming that the parties were "at an impasse" even though the parties had never discussed the matter face to face or on the telephone. *Id.*

The motion claims plaintiff is in an "untenable position" because defendants refused to confer under Fed. R. Civ. P. 26 or to allow any discovery. Defendants did not refuse to confer; counsel in fact confirmed his availability to confer on the first day after his return from his vacation, on a date plaintiffs' counsel reported they were free. If plaintiff had waited and conferred, then defendants could and would have advised plaintiff of the motions they intend to file (as described above), and plaintiff presumably could have more clearly evaluated her need for discovery. West Decl. ¶ 4. However, plaintiff's unilateral declaration of an impasse made that route unavailable.

B.     Discovery Is Improper and Premature at This Juncture.

For several reasons, discovery at this point in these proceedings is premature, unwarranted, and improper.

First, as to defendants' motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), discovery is unnecessary. By definition, motions under this rule are directed and

DEFENDANTS' OPPOSITION TO MOTION FOR FRCP 16
STATUS CONF AND TO OPEN DISCOVERY - 5
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor
1191 second avenue
seattle, washington 98101-2939*
206 464 3939

1 limited to the four corners of the complaint, and the Court will not consider matters outside the
2 complaint. Discovery is thus not appropriate to oppose such a motion. In *Rutman Wine Co. v.*
3 *E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987), the Ninth Circuit addressed an argument
4 virtually identical to plaintiff's here. There, the court rejected plaintiff's argument that the
5 district court should have permitted discovery before dismissing the action under Rule 12(b)(6)
6 because it "is unsupported and defies common sense. The purpose of Fed.R.Civ.P. 12(b)(6) is
7 to enable defendants to challenge the legal sufficiency of complaints without subjecting
8 themselves to discovery." *Id.* at 738.

9   Second, and more importantly, when a motion to dismiss is made under the
10 jurisdictional provisions of the FSIA, discovery of any type is exceedingly limited, only to that
11 necessary to verify allegations of specific facts, if any, crucial to determining whether
12 sovereign immunity bars the suit. The FSIA provides the "sole basis for obtaining jurisdiction
13 over a foreign state in federal court." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488
14 U.S. 428, 439 (1989). Under the FSIA, "a foreign state is presumptively immune from suit
15 unless a specific exception applies." *Permanent Mission of India to the United Nations v. City*
16 *of New York*, 551 U.S. 193, 197 (2007); *see also* 28 U.S.C. § 1604. Thus, a district court "lacks
17 both statutory subject matter jurisdiction and personal jurisdiction" if none of the exceptions to
18 sovereign immunity set forth in the FSIA applies. *Verlinden B.V. v. Central Bank of Nigeria*,
19 461 U.S. 480, 485 n.5 (1983).

20   One of the purposes of the FSIA is "to protect foreign sovereigns from the burdens of
21 litigation, **including the cost and aggravation of discovery**." *Rubin v. Islamic Republic of*
22 *Iran*, 637 F.3d 783, 795 (7th Cir. 2011), *cert. denied*, __ U.S. __, 133 S. Ct. 23, 183 L. Ed. 2d
23 692 (2012) (emphasis added). Discovery against a foreign sovereign implicates comity
24 concerns which "require a delicate balancing 'between permitting discovery to substantiate
25 exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign
26 agency's legitimate claim to immunity from discovery.'" *First City, Texas-Houston v. Rafidain*

DEFENDANTS' OPPOSITION TO MOTION FOR FRCP 16
STATUS CONF AND TO OPEN DISCOVERY - 6
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464 3939*

*Bank*, 150 F.3d 172, 176 (2nd Cir. 1998). "Accordingly, when FSIA immunity has been claimed, unlimited jurisdictional discovery is not permitted as a matter of course. Instead, it 'should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination.'" *Kelly v. Syria Shell Petroleum Development BV*, 213 F.3d 841 (5th Cir. 2000); *accord*, *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1096 (9th Cir. 2007). When discovery is not needed to resolve a motion to dismiss, it simply should not be allowed unless and until the court has ruled that it has a basis for jurisdiction.

Here, the Court cannot engage in this "delicate balancing" as plaintiff has not identified what discovery she wishes to take, why she needs that discovery, and how it meets these standards. Defendants specifically cited cases outlining these principles to plaintiff's counsel well before she filed this Motion, but she did not identify these precedents in her filing nor did she address the principles in them. She also did not, despite defendants' suggestion, provide draft discovery requests that could be discussed between the parties. Instead, she has simply asked the Court for broad authority to conduct whatever discovery she wishes, without limits or restrictions, and without offering any specific justification for such discovery.

Similar considerations apply to discovery from the individual defendants, who are Canadian government employees who reside in Canada. The Supreme Court has warned that discovery of foreign parties implicates important comity concerns that require the active involvement of the Court and has held that federal courts are to use "special vigilance" to protect foreign litigants from unnecessary or unduly burdensome discovery.

> American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position. Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests. When it is necessary to seek evidence abroad, however, the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses. For example, the additional cost of transportation of documents or witnesses to or from foreign locations may increase the danger that discovery may be sought for the improper purpose of motivating settlement, rather than finding relevant and probative evidence. Objections to "abusive" discovery that foreign litigants advance should therefore receive the most careful consideration. In addition, we

DEFENDANTS' OPPOSITION TO MOTION FOR FRCP 16
STATUS CONF AND TO OPEN DISCOVERY - 7
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

> have long recognized the demands of comity in suits involving foreign states, either as parties or as sovereigns with a coordinate interest in the litigation. See *Hilton v. Guyot*, 159 U.S. 113 (1895). American courts should therefore take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state. We do not articulate specific rules to guide this delicate task of adjudication

*Societe National Industrielle Aerospatiale v. U.S. District Court*, 482 U.S. 522, 546 (1987). Factors that can be considered in supervising foreign discovery include the cost and burden of the discovery, including the degree to which a particular interrogatory or document request might burden the respondent; whether discovery violates the law of the country in which the responding party resides; the law of the country of the responding party on pre-trial discovery of the type sought; whether specific procedures might be appropriate in a given case (either because they are less intrusive or because they follow treaties or conventions); and the degree to which the host country may view the discovery as a violation of its sovereignty. *Id.*

It is simply premature for the Court to consider these issues, which are ultimately dependent on the content of defendants' motions to dismiss. These questions require an adequately supported motion, describing the applicable standards and how actual discovery requests promulgated by plaintiff meets those standards. Any such motion, if necessary, would be preceded by a proper meet and confer which might resolve or narrow the issues to be determined by the Court. Plaintiff has not presented that motion yet. Plaintiff should wait to see defendants' motions to dismiss and then articulate what discovery is appropriate, if any; until then, the Court simply cannot make the determinations it is required to make.

C.   A Discovery Conference Would Be Unduly Burdensome at This Time.

A discovery conference would also be highly burdensome at this time, in light of the requirements of Fed. R. Civ. P. 26 and LCR 26, and would impose many of the burdens that the FSIA was designed to avoid. Among other things, defense counsel must be prepared at the time of that conference to discuss the nature, location, and scope of discoverable ESI, methodologies for identifying relevant and discoverable ESI for production, and whether ESI stored in a

DEFENDANTS' OPPOSITION TO MOTION FOR FRCP 16
STATUS CONF AND TO OPEN DISCOVERY - 8
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor
1191 second avenue
seattle, washington 98101-2939*
206 464 3939

1  database can be identified and produced, and if so by what methods. LCR 26(f)(1)(I) through

2  (J). Counsel must "review and understand how their client's data and ESI are stored and

3  retrieved before the Rule 26(f) conference and before any meet and confer discussions related

4  to the production of ESI in order to determine what issues must be addressed during those

5  discussions." LCR 26(f)(2). Given that the defendants include the federal Government of

6  Canada and two large agencies of that government, defense counsel anticipates several days, if

7  not weeks, of concentrated work and use of professional ESI specialists simply to prepare for

8  this limited aspect of the Rule 26 conference. Such a burden is not warranted until and unless

9  the Court determines there is a basis for the Court to even entertain this matter.

10        D.    Defendants Should Not be Ordered to Disclose Their Work Product.

11        Finally, plaintiff argues in passing that defendants should be required to "disclose the

12  bases for their Rule 12 motions." Defendants have done so in this brief. Any further specificity

13  would essentially be an outline of defendants' anticipated motions; would create unneeded

14  work for the defendants; and would invade defendants' work product.

15  **III.  Conclusion**

16        There is no reason for the Court to evaluate discovery issues at this point, or to send the

17  parties to a premature discovery conference. The Court has accepted the briefing schedule that

18  the parties negotiated. The time to consider any discovery issues pertaining to that briefing is

19  after the briefs are filed, and plaintiff can articulate what she needs and why it is appropriate.

20  Defendants request that plaintiff's motion be denied.

DEFENDANTS' OPPOSITION TO MOTION FOR FRCP 16
STATUS CONF AND TO OPEN DISCOVERY - 9
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1   DATED this 17th day of August, 2016.

GARVEY SCHUBERT BARER

By: *s/Donald B. Scaramastra*
David R. West, WSBA #13680
Donald B. Scaramastra, WSBA #21416
Victoria Slade, WSBA #44597
1191 Second Avenue, Suite 1800
Seattle, WA 98101
(206) 464-3939
drwest@gsblaw.com
dscaramastra@gsblaw.com
vslade@gsblaw.com

*Attorneys for Defendants Attorney General of Canada for Her Majesty The Queen, Canadian Border Services Agency, Global Affairs Canada, George Webb, Kevin Varga, and Patrick Liska*

DEFENDANTS' OPPOSITION TO MOTION FOR FRCP 16 STATUS CONF AND TO OPEN DISCOVERY - 10
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following:

> Andrew C. Lauersdorf
> Janis C. Puracal
> MALONEY LAUERSDORF REINER, PC
> 1111 E. Burnside Street, Suite 300
> Portland, Oregon 97214
> Telephone: 503-245-1518
> Facsimile: 503-245-1417
> acl@mlrlegalteam.com
> jcp@mlrlegalteam.com
> *Attorneys for Plaintiff Perienne de Jaray*

DATED this 17th day of August, 2016.

                                                *s/Leslie Boston*
                                                Leslie Boston

GSB:7988931.1

DEFENDANTS' OPPOSITION TO MOTION FOR FRCP 16
STATUS CONF AND TO OPEN DISCOVERY - 11
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939