The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

PERIENNE DE JARAY,

               Plaintiff,

     v.

ATTORNEY GENERAL OF CANADA
FOR HER MAJESTY THE QUEEN,
CANADIAN BORDER SERVICES
AGENCY, GLOBAL AFFAIRS CANADA
fka DEPARTMENT OF FOREIGN
AFFAIRS AND INTERNATIONAL
TRADE CANADA, GEORGE WEBB,
KEVIN VARGA, and PATRICK LISKA,

               Defendants.

No.:  2:16-cv-00571

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR FRCP 16 STATUS
CONFERENCE AND PERMISSION TO
ENGAGE IN DISCOVERY UNDER
FRCP 26(f)

NOTE ON MOTION CALENDAR:
Friday, August 19, 2016

## I.  REPLY

### A.    Defendants are not entitled to an automatic stay of discovery.

Defendants are attempting to avoid or unnecessarily delay discovery in this matter by obstructing the FRCP 26 process, and suggesting that they are entitled to avoid discovery altogether in light of their intention to file motions to dismiss.  Another federal district court has already rejected Defendants' argument that *Rutman Wine Co. v. E. & J. Gallo Winery*,[1] the case upon which

---

[1] 829 F.2d 729 (9th Cir. 1987).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Defendants rely, gives a defendant the right to an automatic stay: "Defendants are incorrect in their attempt to rely on *Rutman Wine Co.*, an antitrust action, for the proposition that discovery is stayed pending a motion to dismiss."[2]

Federal courts throughout the country recognize that a defendant is not entitled to an automatic stay of discovery pending a decision on a motion to dismiss. The federal district court in California wrote: "Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."[3] The federal district court in Illinois wrote: "The mere filing of a motion [to dismiss] does not automatically stay discovery. Nor does it mean that a court will automatically grant a stay pursuant to Rule 26(c) simply because a defendant asks for one."[4]

Preliminary issues, such as jurisdiction, venue, or immunity, may give rise to reasonable limits on discovery, but those limits must be determined by the court—not by the defendant unilaterally—and only after a proper showing of good cause based on a particular and specific demonstration of fact.[5]

---

[2] *Dean v. Gonzales*, No. 2:10-cv-01355 MCE JFM (PC), 2013 WL 4647968, at *2 (E.D. Cal., Aug. 29, 2013).

[3] *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995).

[4] *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005).

[5] *See* Defendants' Opposition Brief at page 7. *See also Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Skellercup*, 163 F.R.D. at 600 ("A party seeking a stay of discovery carries a heavy burden of making a 'strong showing' why discovery should be denied. The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements."); *Confederated Tribes and Bands of Yakama Nation v. Holder*, No. CV-11-3028-RMP, 2011 WL 5835137, at *3 (E.D. Wash., Nov. 21, 2011) (citing *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1997) ("Where facts bearing on the issue of jurisdiction are controverted, as they are in this case, a district court should allow discovery. The Court will allow limited discovery in this case so that Plaintiff may have an opportunity to rebut Defendants' motions to

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Defendants, here, did not move to stay or limit discovery.  Defendants, instead, unilaterally decided that Plaintiff is not entitled to engage in discovery and simply refused to confer under FRCP 26(f) in order to prevent discovery from going forward at all.  Defendants have attempted to circumvent their burden to offer specific facts that justify a stay or limitation on discovery.[6]  Plaintiff asks that those limits, if any, be determined by the Court.

**B.      Plaintiff attempted to confer and is willing to take discovery in stages.**

Defendants complain that Plaintiff should have further conferred in advance of filing this motion,[7] yet Defendants still take the position that Plaintiff is not entitled to discovery at all.  Defendants' counsel stated unequivocally by email that further conferral on this issue would be fruitless unless Plaintiff could state the type of discovery necessary and on what issues.[8]  Plaintiff's counsel explained that she is unable to propose discovery that is tailored to the issues in Defendants' FRCP 12 motions without knowing the issues in those motions.[9]  Still, Defendants refused to disclose the bases

---

dismiss.").

[6] *Id.*

[7] Defendants argue that LCR 1(c)(6) and LCR 7(j) require Plaintiff to further confer in advance of this motion.  LCR 7(j) governs conferral in advance of an ***emergency*** motion for relief from deadline, and LCR 1(c)(6) simply defines the scope of a meet-and-confer.  There is no need to further confer when that conferral would be unproductive, and there is no requirement to confer on a motion for status conference and right to take discovery under FRCP 26(f).

[8] Email from West to Puracal, dated August 5, 2016 (Exhibit 1 to the Declaration of Janis C. Puracal), at page 1 (Dkt. No. 16-1).

[9] Email from Puracal to West, dated August 5, 2016 (Exhibit 1 to the Declaration of Janis C. Puracal), at page 1 (Dkt. No. 16-1).  *See also* Email from Puracal to West, dated August 12, 2016 (Exhibit 2 to the Second Declaration of Janis C. Puracal), at page 1.

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

1  for, or the issues to be presented by, their motions.[10]  There is no need, or

2  requirement, to further confer when the parties are at such an impasse.

3      Defendants apparently forget that Plaintiff's attempts to confer on this

4  issue began on July 26 when Plaintiff's counsel **called** Defendants' counsel to

5  discuss the parties' proposed stipulation on service and an extension to

6  answer.[11]  Plaintiff proposed the August 2 date for FRCP 26(f) conferral at that

7  time.[12]  Defendants deleted the proposed date from the parties' draft

8  stipulation, but suggested by email that Defendants nonetheless intended to

9  follow the deadlines established by the Federal Rules.[13]

10      It was only after Plaintiff agreed to the stipulation and filed it with the

11  Court that Defendants took the position that they are not required to follow the

12  established Federal Rules.  After the parties' stipulation was filed, Defendants

13  asserted that this Court has adopted an unwritten rule, which, applied in

14  conjunction with FRCP 26(d), effectively prohibits discovery in advance of a

15  court order setting an FRCP 26(f) deadline.[14]  Although this Court's prior

16  rulings in other cases suggest that there is no such unwritten rule,[15]

17  Defendants insist that the unwritten rule exists and applies in this matter.

18  Defendants' insistence on the application of this unwritten rule, despite the

19  _____

20  [10] Defendants' Opposition Brief at page 9.

21  [11] Email from Puracal to West, dated July 28, 2016 (Exhibit 3 to the Second Declaration of Janis C. Puracal), at page 2.

22  [12] Draft Stipulation (Exhibit 4 to the Second Declaration of Janis C. Puracal).

23  [13] Email from West to Puracal, dated July 28, 2016 (Exhibit 3 to the Second Declaration of Janis C. Puracal), at page 1.

24  [14] Email from West to Puracal, dated August 2, 2016 (Exhibit 1 to the Declaration of Janis C. Puracal), at page 4 (Dkt. No. 16-1).

25  [15] *See Hagens Berman Sobol Shapiro, LLP v. Rubinstein*, No. C09-0894 RSM, 2009 WL

26  2459741, at *5 (Oct. 22, 2009) ("A Rule 26(f) conference is to be held 'as soon as practicable.'") (citing Fed.R.Civ.P. 26(f)(1)).

Page 4–   PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR FRCP 16
          STATUS CONFERENCE AND PERMISSION TO ENGAGE  IN
          DISCOVERY UNDER FRCP 26(f)

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

express language of the Federal Rules to the contrary, places the parties at an impasse.

Plaintiff properly filed this motion under LCR 7(d)(2) to request the Court relieve her of the deadline to confer prior to engaging in discovery under FRCP 26(d) and (f). She properly filed this motion in advance of Defendants' motions to dismiss because she would be unable to note a motion for consideration or get a ruling in advance of her deadline to respond to those motions to dismiss.[16] Plaintiff's motion for a status conference and right to take discovery is neither improper nor premature, as Defendants argue.

**C.    The Court should allow third–party discovery to proceed and should grant Plaintiff leave to file a motion for discovery of Defendants once the Rule 12 motions are filed.**

Defendants' opposition brief makes clear the need for the Court's intervention. Defendants list a number of issues they intend to raise in their motions to dismiss, many of which were never mentioned during the parties' discussions over the past three weeks, and many of which raise potential questions of fact.[17] Defendants also contest Plaintiff's right to discovery altogether, while conceding that limited discovery is appropriate.[18]

As a practical matter, Defendants have not yet filed their motions to dismiss. Without the benefit of those motions, the Court cannot evaluate the issues to be raised or the likelihood of success. Similarly, Plaintiff has not

---

[16] *See* LCR 7(d)(3) (making Plaintiff's response to the motions to dismiss due by October 17) and LCR 7(j) ("A motion for relief from deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise.").

[17] Defendants' Opposition Brief at page 2.

[18] *Id.* at pages 5-6.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

been permitted to propound any discovery requests, so the Court cannot evaluate the burden of those requests.

Plaintiff is not unwilling to compromise.  A reasonable compromise would be that the Court order (1) that Plaintiff be permitted to serve third party discovery requests and (2) that Plaintiff's response to Defendants' motions to dismiss be stayed pending a ruling on a future motion for discovery issued to Defendants, to be filed after the FRCP 12 motions are filed.  But, based on Defendants' positions up to this point, Plaintiff believes that the Court's guidance is necessary to reach and enforce any compromise.

A status conference is appropriate.  This case was filed over four months ago, in April 2016, and the Defendants were given courtesy copies of the complaint in May, before formal service.[19]  The allegations were not new or surprising to the Defendants, who have already admitted liability and settled separate litigation with Plaintiff's father arising out of the same facts.[20]

## II.  CONCLUSION

Plaintiff requests the Court (1) issue an order under FRCP 26(f) permitting Plaintiff to engage in discovery and (2) schedule a status conference to set preliminary deadlines to manage this case.

---

[19] Defendants suggest that service did not occur until August 5, 2016.  Service was completed on Defendant George Webb on May 25 and Global Affairs Canada on May 31.  (Dkt. Nos. 9 and 10)  Service was completed by agreement with the remaining four Defendants on August 5.  (Dkt. No. 14)

[20] Complaint at ¶¶ 125-129 (Dkt. No. 1).



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DATED:  August 19, 2016

MALONEY LAUERSDORF REINER, PC


By  /s/Janis C. Puracal
     Andrew C. Lauersdorf, WSBA #35418
     E-Mail: acl@mlrlegalteam.com
     Janis C. Puracal, WSBA #39234
     E-Mail: jcp@mlrlegalteam.com

Attorneys for Plaintiff Perienne de Jaray

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417