UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PERIENNE DE JARAY,<br><br>Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL OF CANADA FOR HER MAJESTY THE QUEEN, CANADIAN BORDER SERVICES AGENCY, GLOBAL AFFAIRS CANADA fka DEPARTMENT OF FOREIGN AFFAIRS AND INTERNATIONAL TRADE CANADA, GEORGE WEBB, KEVIN VARGA, and PATRICK LISKA,<br><br>Defendants. | Case No. C16-571 RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR FRCP 16 STATUS CONFERENCE AND EARLY DISCOVERY |

This matter comes before the Court on Plaintiff Perienne De Jaray's Motion for FRCP 16 Status Conference and Permission to Engage in Discovery under FRCP 26(f). Dkt. #15. Plaintiff filed this action on April 19, 2016. Dkt. #1. Plaintiff served Defendants under Rule 4(f) "by complying with an international treaty, the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters." Dkt. #15 at 2. Defendants have not yet filed responsive pleadings, however the parties stipulated to an extension allowing Defendants to answer the complaint or file Rule 12 motions by September 29, 2016, with motions noted for consideration on October 21, 2016. *Id*; *see also* Dkt. #14. Plaintiff has sought to begin discovery in the interim. *See* Dkt. #15 at 3. Plaintiff states that:

ORDER DENYING PLAINTIFF'S MOTION FOR FRCP 16 STATUS CONFERENCE AND EARLY DISCOVERY - 1

> Defendants have also argued that Plaintiff is not entitled to discovery at all or, if she is entitled to discovery, it would be limited to that discovery necessary to respond to Defendants' Rule 12 motions to dismiss. Plaintiff attempted to work out reasonable limits on initial discovery, but Defendants have refused to disclose the bases for their motions to dismiss. Defendants' refusal to confer under FRCP 26(f) or allow any discovery has left Plaintiff in an untenable position. Plaintiff is unable to take any discovery of the Defendants; unable to take any third party discovery; and unable to propose narrowly tailored discovery necessary to respond to Defendants' motions without any information about the bases for those motions.

*Id.* at 4. Plaintiff now requests the Court (1) "issue an order under FRCP 26(f) permitting Plaintiff to engage in discovery" and (2) "schedule a status conference under FRCP 16 to set preliminary deadlines to manage this case." *Id.* at 1. Plaintiff asks that the Court "require the Defendants to disclose the bases for their motions to dismiss." *Id.* at 5.

In Response, Defendants argue that "Plaintiff's motion is premature and unfounded given the nature of this matter," and that the Court "should deny the motion, with leave for plaintiff to refile once Defendants have filed their motions to dismiss, if plaintiff can properly identify and adequately support the relief she requests." Dkt. #17 at 1. Defendants state that:

> In late July 2016, plaintiff's counsel suggested that the parties were obligated to hold a discovery conference under Fed.R.Civ.P. 26(f) no later than August 2, 2016, and thereafter to submit a joint report to the Court by August 16, 2016. Declaration of David R. West ("West Decl."), Ex. B. Plaintiff identified August 16, 2016, as a "deadline" established by the Civil Rules for submission of a joint status report. *Id*. Defendants' counsel responded that the timing of the Rule 16 and 26 conferences and the resulting joint status report would be established by Court order, pursuant to this Court's Local Rules. *Id*. Rather than accepting counsel's representation, plaintiff communicated with the Court to specifically ask if the parties were required to immediately confer under Fed. R. Civ. P. 16 and 26. West Decl., Ex. A. On August 4, 2016, the Court's Courtroom Deputy confirmed that an initial scheduling order would be issued after the answer was filed and stated that there was "no need to submit a joint status report before then." *Id*. In other words, the Court confirmed defense counsel's representation and affirmed

ORDER DENYING PLAINTIFF'S MOTION FOR FRCP 16 STATUS CONFERENCE AND EARLY DISCOVERY - 2

that there was no "deadline" for the parties to confer under Rules 16 or 26 until the Court so ordered. *Id.* Dkt. #17 at 3.

On Reply, Plaintiff argues that Defendants are seeking an "automatic stay of discovery," obstructing the Rule 26 process, and attempting to "avoid discovery altogether in light of their intention to file motions to dismiss." Dkt. #19 at 1. Plaintiff accuses Defendants of "unilaterally decid[ing] that Plaintiff is not entitled to engage in discovery." *Id.* at 3.

It is the practice of this Court to issue a scheduling order after a responsive pleading is filed. The Court finds that Defendants actions were based on a reasoned understanding of this Court's Local Rules and information from this Court's courtroom deputy. The Court agrees with Defendants that discovery is not warranted in this case prior to the filing of a responsive pleading. Plaintiff has failed to make a showing that discovery is needed to respond to the as-yet-unfiled Rule 12 motions, but Plaintiff may move at a later date to request that discovery and an extension of the deadline to respond to the Rule 12 motions. The Court will not require Defendants to disclose the bases for their motions to dismiss in advance, given that Plaintiff has stipulated to the existing briefing schedule. Given these rulings, the Court finds that a status conference to set preliminary deadlines is unwarranted.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Perienne De Jaray's Motion for FRCP 16 Status Conference and Permission to Engage in Discovery under FRCP 26(f) (Dkt. #15) is DENIED.

DATED this 26th day of August 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR FRCP 16 STATUS CONFERENCE AND EARLY DISCOVERY - 3