CHIEF JUDGE RICARDO MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PERIENNE DE JARAY,

Plaintiff,

v.

ATTORNEY GENERAL OF CANADA FOR HER MAJESTY THE QUEEN, CANADIAN BORDER SERVICES AGENCY, GLOBAL AFFAIRS CANADA fka DEPARTMENT OF FOREIGN AFFAIRS AND INTERNATIONAL TRADE CANADA, GEORGE WEBB, KEVIN VARGA, and PATRICK LISKA,

Defendants.

NO. 2:16-cv-00571-RSM

**DEFENDANTS' OPPOSITION TO MOTION TO CONTINUE DATE FOR RESPONSE TO MOTION TO DISMISS**

Noted on Motion Calendar:
Friday, October 14, 2016

Defendants Attorney General of Canada for her Majesty the Queen, Canadian Border Services Agency, Global Affairs Canada, George Webb, Kevin Varga, and Patrick Liska respectfully oppose Plaintiff's motion (Dkt. 24) seeking to indefinitely postpone the time for her to respond to Defendants' Motions to Dismiss (Dkt. 22).   Discovery is unnecessary to respond to the jurisdictional dispositive issues presented by Defendants' Motions to Dismiss, and those dispositive issues should be addressed immediately before allowing discovery to proceed in this matter.  Discovery is itself an improper infringement of defendants' sovereign immunity from suit.   Further, discovery is not necessary or appropriate on the three issues identified by Plaintiff.  The Court should deny the motion to extend the deadline and should

DEFENDANTS' OPPOSITION TO MOTION TO EXTEND
TIME FOR RESPONSE TO MOTION TO DISMISS - 1
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

require plaintiff to respond to those issues as to which no discovery is requested.  As to the remaining issues, those issues do not require or warrant discovery either.  To conserve resources, defendants suggest the best way to proceed is for the Court to stay its consideration of the issues on which discovery has been sought, postpone any discovery issues, and first consider the jurisdictional issues and to rule on them, as that might resolve the case in its entirety.  Alternatively, the Court should require plaintiff to respond to defendants' motions in their entirety, so that the Court and defendants can evaluate plaintiff's actual need for discovery in proper context.

## I. Background

Plaintiff is a Canadian citizen and resident who seeks to impose liability in this Court on the federal Government of Canada (including two core federal entities and three employees of that Government) for allegedly improper conduct involving enforcement of Canada's technology export laws.  Rather than bring her claims in the Canadian courts, plaintiff asserts jurisdiction in this Court under the Federal Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq*. ("FSIA"), and the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS").  Complaint, ¶¶ 19-20.  The parties stipulated, and the Court ordered, that defendants would respond to the Complaint by September 29, 2016.  Dkt. 14.

Defendants filed their Rule 12 motions to dismiss the Complaint in its entirety on September 29, 2016.  Dkt. 22.  The governmental defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6), because the Complaint fails to state any cognizable claim for relief against them; under Fed. R. Civ. P. 12(b)(1) and (2), because this Court lacks jurisdiction under the FSIA over the governmental parties and the claims in the Complaint; and under Fed. R. Civ. P. 12(b)(1) and (3), because this Court is not a proper venue under principles of *forum non conveniens*, comity, and the Act of State doctrine.  These motions were brought in the alternative, and any one of them would be independently sufficient to dismiss plaintiff's claims. As to the FSIA issues, plaintiff's Complaint contains no detail and does not identify any FSIA

DEFENDANTS' OPPOSITION TO MOTION TO EXTEND
TIME FOR RESPONSE TO MOTION TO DISMISS - 2
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

theory of jurisdiction. Given the controlling case law cited in the motion to dismiss and the lack of any specificity in the Complaint, defendants believe plaintiff cannot advance legal arguments supporting this Court's jurisdiction that are warranted by existing law, or by nonfrivolous arguments for extending, modifying, or reversing existing law or for establishing new law.

The individual defendants filed similar motions to dismiss under Fed. R. Civ. P. 12(b)(6), because the Complaint fails to state any cognizable claim for relief against them; under Fed. R. Civ. P. 12(b)(1) and (2), because this Court lacks jurisdiction under the ATS over those parties and the claims in the Complaint, and because the individuals are immune from suit in this Court regarding their official acts; and under Fed. R. Civ. P. 12(b)(1) and (3), because this Court is not a proper venue under the principles of *forum non conveniens*, comity, and the Act of State doctrine. These motions were also brought in the alternative, and any one of them would also be sufficient to independently dismiss plaintiff's claims. Plaintiff did set out two theories of ATS jurisdiction, but both of those theories are not viable under the ATS, as is explained in the motion to dismiss. Further, plaintiff has no basis for avoiding the official acts immunity doctrine, which insulates the individual defendants from suit here.

As the parties had stipulated, and as the Court has ordered, defendants noted their Motions to Dismiss for consideration on Friday, October 21, 2016. Dkt. 14. Under LCR 7, plaintiff's response to the Motion to Dismiss is due on or before Monday, October 17, 2016. This motion to extend or postpone that response date is noted one business day earlier than plaintiff's response is due – i.e., this motion is noted for consideration on Friday, October 14, 2016. Thus, the Court has at most one business day to consider this issue.

Plaintiff once before asked to conduct discovery; the Court denied her request at that time. Dkt. 21.

**II. Arguments and Authorities**

    A. The Court Should Not Postpone Plaintiff's Filing Obligations Based on a Motion that Has Not Been Filed or Served on Defendants.

DEFENDANTS' OPPOSITION TO MOTION TO EXTEND
TIME FOR RESPONSE TO MOTION TO DISMISS - 3
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1  Preliminarily, defendants note that the instant motion places the proverbial cart before
2  the horse, requesting an extension based on a motion plaintiff has not yet shared with
3  defendants, and will not file until after this response is served. As a result, defendants have
4  insufficient information to make a complete response, and the Court has insufficient
5  information to make a reasoned decision. If she believes discovery is warranted here, plaintiff
6  should have filed her motion seeking discovery at the same time she asked for more time, so
7  that defendants and the Court could consider all of the relevant arguments, rather than making
8  scheduling decisions in a vacuum. Plaintiff's failure to do so prevents defendants from
9  responding based on plaintiff's actual arguments, and instead requires them to guess what
10 arguments plaintiff might make and how that would affect the Court's management of the
11 pending motions.

12 Surprisingly, Plaintiff does not explain why she has not already filed her motion to
13 allow her to conduct discovery. Plaintiff has had more than sufficient time to do so. She
14 moved to open discovery two months ago, specifically so she could respond to defendants'
15 motions. Dkt. 16. Defendants identified the bases of their anticipated motions to dismiss on
16 August 17, 2016. Dkt. 17, pp. 2-3. At the same time, defendants identified the relevant
17 principals limiting discovery from foreign governments, and foreign defendants. *Id.*, pp. 5-8.
18 Plaintiff knew defendants' motion to dismiss would be filed on September 29, 2016 and noted
19 for October 21, 2016, having stipulated to both dates. Dkt. 14. And the Court specifically
20 stated on August 26, 2016 that it would entertain a motion for discovery after the filing of the
21 motions to dismiss. Dkt. 21, p. 3.

22 Given this long run-up, and given her stipulation to the existing briefing schedule, one
23 would expect that plaintiff would have spent the last two months preparing specific discovery
24 requests and drafting a motion to conduct discovery on the issues defendants had identified.
25 One would also anticipate that plaintiff's motion for discovery would be filed well before the
26 date of her required response to the motion to dismiss. Perhaps Plaintiff's choice to instead

DEFENDANTS' OPPOSITION TO MOTION TO EXTEND
TIME FOR RESPONSE TO MOTION TO DISMISS - 4
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1  seek relief from the time for filing a response is strategic – designed to elicit this brief from
2  defendants before she moves for discovery.   Perhaps it indicates a lack of preparation and
3  planning.   On that score, even as of the date of this filing, plaintiff has not even attempted to
4  confer with defense counsel regarding her intended motion for discovery, as she is required to
5  do under LCR 37(a)(1), nor has she provided defense counsel with any draft discovery
6  requests.[1]   It is unclear to defendants how plaintiff intends to file a motion compelling
7  discovery within the time period she has identified.

   B.    Plaintiff Should Respond to Those Elements of the Motion to Dismiss Which Do Not Require Discovery.

   Plaintiff says that she "requires additional information to respond to Defendants' arguments related to *forum non conveniens*, 'act of state' doctrine, and 'international comity' doctrine." Dkt. 24, p. 3.  But plaintiff apparently concedes that she does not need discovery (and thus does not need extra time) to respond to defendants' motions raising challenges to this Court's jurisdiction – specifically, defendants' motions to dismiss for lack of jurisdiction under the FSIA, to dismiss for lack of jurisdiction under the ATS, and to dismiss because the individual defendants are immune for their official acts.   Nonetheless, plaintiff's motion suggests that the Court should postpone any consideration of the jurisdictional issues while plaintiff conducts discovery into various non-jurisdictional matters.

   The Court should reject plaintiff's suggestion, and instead require plaintiff to respond to the jurisdictional issues immediately, so the Court can rule on them promptly.  As defendants have previously advised the Court, a sovereign's immunity from suit includes immunity from discovery.   One of the purposes of the FSIA is "to protect foreign sovereigns from the burdens of litigation, **including the cost and aggravation of discovery**." *Rubin v. Islamic Republic of Iran*, 637 F.3d 783, 795 (7th Cir. 2011), *cert. denied*, __ U.S. __, 133 S. Ct. 23, 183 L. Ed. 2d 692 (2012) (emphasis added).  Discovery against a foreign sovereign implicates comity

---

[1] Defense counsel is in New York the remainder of this week attending a mediation, and will not be available to confer on discovery issues prior to his return to the office on Monday, October 17, 2016.  That is the date that plaintiff's response to the motion to dismiss is presently due.

DEFENDANTS' OPPOSITION TO MOTION TO EXTEND
TIME FOR RESPONSE TO MOTION TO DISMISS - 5
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

concerns which "require a delicate balancing 'between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery.'" *First City, Texas-Houston v. Rafidain Bank*, 150 F.3d 172, 176 (2nd Cir. 1998). "Accordingly, when FSIA immunity has been claimed, unlimited jurisdictional discovery is not permitted as a matter of course. Instead, it 'should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination.'" *Kelly v. Syria Shell Petroleum Development BV*, 213 F.3d 841 (5th Cir. 2000); *accord, Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1096 (9th Cir. 2007).

In addition, even if this Court denies the jurisdictional motions filed by defendants, defendants have the right to pursue immediate appeals, because they are entitled to a final decision on jurisdiction before defending any lawsuit on the merits. An order of this Court denying sovereign immunity is immediately appealable under 28 U.S.C. § 1291 as a collateral order. *Doe v. Holy See*, 557 F.3d 1066, 1074 (9th Cir. 2009) ("A district court's denial of immunity to a foreign sovereign is an appealable order under the collateral order doctrine."); *Compania Mexicana de Aviacion, S.A. v. U.S. Dist. Ct.*, 859 F.2d 1354, 1358 (9th Cir. 1988) ("a foreign government should not be put to the expense of defending what may be a protracted lawsuit without a prior opportunity to obtain an authoritative determination of its amenability to suit"). The same rule applies to orders denying dismissal based on claimed immunity of public officials. *Yousuf v. Samantar*, 699 F.3d 763, 768 n. 1 (9th Cir. 2012) (collateral order doctrine allows interlocutory appeal of order denying dismissal based on claim of common law official acts immunity).

Plaintiff does not allege that discovery is needed to resolve the FSIA, ATS, or official acts immunity issues, all of which are jurisdictional. Defendants are entitled to have those issues resolved authoritatively before they are put to the cost of defending discovery. As is described in the Motions to Dismiss, this Court lacks jurisdiction under the FSIA because 28

DEFENDANTS' OPPOSITION TO MOTION TO EXTEND
TIME FOR RESPONSE TO MOTION TO DISMISS - 6
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

U.S.C. § 1605(a)(5)(A) (the discretionary function exception) and 28 U.S.C. § 1605(a)(5)(B) (the "misrepresentation/prosecution" exception) each independently bar plaintiff's claims.  See Motion to Dismiss, pp. 7-13 (Dkt. 22).   Further, this Court lacks jurisdiction over the individual defendants, because they acted entirely in their role as governmental officials, and because plaintiff has no actionable claim under the ATS.  *Id.*, pp. 13-18.  Absent jurisdiction, discovery against defendants should not proceed, and cannot proceed, until this Court (and if necessary, appellate courts) have actually and conclusively ruled on the issue.

Logically, logistically and legally, the most appropriate way for the parties to brief these issues, and the Court to rule on them, is to require plaintiff to respond to the jurisdictional issues now, rather than subjecting defendants to merits discovery when they are immune from suit, and to stay consideration of the other grounds for dismissal (and any discovery on them) until it is determined this Court actually has jurisdiction.  If (as defendants expect) the case is dismissed for lack of jurisdiction, there will be no need for any discovery, and any discovery conducted in the interim would have been an improper imposition on defendants' sovereign rights.  Addressing the jurisdictional issues first will conserve the resources of the parties and the Court, and allow the Court to take up the other bases for dismissal if and when they are dispositive.   This approach will, for example, eliminate the need for the Court to carefully supervise the discovery that plaintiff proposes, as required when discovery is sought from foreign litigants:

> American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position. Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests. When it is necessary to seek evidence abroad, however, the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses. For example, the additional cost of transportation of documents or witnesses to or from foreign locations may increase the danger that discovery may be sought for the improper purpose of motivating settlement, rather than finding relevant and probative evidence. Objections to "abusive" discovery that foreign litigants advance should therefore receive the most careful consideration. In addition, we have long recognized the demands of comity in suits involving foreign states, either as parties or as sovereigns with a coordinate interest in the litigation. See

DEFENDANTS' OPPOSITION TO MOTION TO EXTEND
TIME FOR RESPONSE TO MOTION TO DISMISS - 7
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

*Hilton v. Guyot*, 159 U.S. 113 (1895). American courts should therefore take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state. We do not articulate specific rules to guide this delicate task of adjudication.

*Societe National Industrielle Aerospatiale v. U.S. District Court*, 482 U.S. 522, 546 (1987). The Court might have to evaluate the cost and burden of the discovery, including the degree to which a particular interrogatory or document request might burden the respondent; whether discovery violates the law of the country in which the responding party resides; the law of the country of the responding party on pre-trial discovery of the type sought; whether specific procedures might be appropriate in a given case (either because they are less intrusive or because they follow treaties or conventions); and the degree to which the host country may view the discovery as a violation of its sovereignty. *Id.*

All of these issues can be avoided if the Court first examines the jurisdictional issues, which defendants believe are entirely dispositive. Indeed, given the controlling case law cited in the motion to dismiss and the lack of any specificity in the Complaint, defendants believe plaintiff cannot even advance legal arguments supporting this Court's jurisdiction that are warranted by existing law, or by nonfrivolous arguments for extending, modifying, or reversing existing law or for establishing new law. The lack of any detail in the Complaint setting out any FSIA theory of jurisdiction, or any ATS theory that meets the requirements of that narrow statute, should give the Court pause in providing plaintiff any discovery. In the words of the Supreme Court, this Court is to "exercise special vigilance" to protect defendants from "unnecessary" discovery and to "seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests." Such vigilance here requires the Court to rule that it has jurisdiction before it considers whether to allow any discovery.

An alternative approach would be to require plaintiff to respond to the motion to dismiss in its entirety. By doing so, the Court and defendants would be fully apprised of all of the relevant issues, and plaintiff's purported "need" for discovery would be put in proper

DEFENDANTS' OPPOSITION TO MOTION TO EXTEND
TIME FOR RESPONSE TO MOTION TO DISMISS - 8
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

context.   That approach would expend more resources of the parties over the short term. Defendants believe it is not preferable because this case should ultimately be dismissed without reaching the *forum non conveniens*, Act of State, or comity issues.

### C. Discovery Is Not Needed for the Issues Identified by Plaintiff.

Plaintiff claims that discovery is appropriate because wrongful activity causing her damage took place in the United States, and that she needs to conduct discovery to prove those assertions.  She claims these facts are "related to" defendants' motions to dismiss for *forum non conveniens*, and based on the Act of State doctrine and on principles of international comity. Defendants disagree – no discovery is needed or appropriate on those subjects, and particularly not to address the motions that defendants have filed.  However, defendants will address these points when and if plaintiff actually files an adequately supported motion, describing the applicable standards and how actual discovery requests promulgated by plaintiff meets those standards. Any such motion, if necessary, would be preceded by a proper meet and confer which might resolve or narrow the issues to be determined by the Court.

### III. Conclusion

Defendants do not believe that discovery is needed to rule on the issues presented by their motion to dismiss.  Plaintiff appears to agree, at least as to the jurisdictional issues. Accordingly, defendants suggest that the only appropriate way to proceed is to proceed forward with the jurisdictional motions, and to hold the remaining issues in abeyance.  Defendants request that plaintiff's motion be denied; that the Court order plaintiff to respond to defendants' motion to dismiss based on FSIA, ATS and official immunity by Monday, September 17; and that the Court stay consideration of the remaining issues raised by defendants' motions until the Court has ruled on its jurisdiction.

DEFENDANTS' OPPOSITION TO MOTION TO EXTEND
TIME FOR RESPONSE TO MOTION TO DISMISS - 9
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1  DATED this 12th day of October, 2016.

2  GARVEY SCHUBERT BARER

3

4  By:*/s/ David R. West*
   David R. West, WSBA #13680
   Donald B. Scaramastra, WSBA #21416
5  Victoria Slade, WSBA #44597
   1191 Second Avenue, Suite 1800
6  Seattle, WA 98101
   (206) 464-3939
7  drwest@gsblaw.com
   dscaramastra@gsblaw.com
8  vslade@gsblaw.com

9  *Attorneys for Defendants Attorney General of
10 Canada for Her Majesty The Queen, Canadian
   Border Services Agency, Global Affairs Canada,
11 George Webb, Kevin Varga, and Patrick Liska*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' OPPOSITION TO MOTION TO EXTEND
TIME FOR RESPONSE TO MOTION TO DISMISS - 10
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

# CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2016, I electronically filed the OPPOSITION TO MOTION TO CONTINUE DATE FOR RESPONSE TO DEFENDANTS' MOTION TO DISMISS on behalf of Defendants Attorney General of Canada for Her Majesty The Queen, Canadian Border Services Agency, Global Affairs Canada fka Department of Foreign Affairs and International Trade Canada, George Webb, Kevin Varga, and Patrick Liska with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

> Andrew C. Lauersdorf
> Janis C. Puracal
> MALONEY LAUERSDORF REINER, PC
> 1111 E. Burnside Street, Suite 300
> Portland, Oregon 97214
> Telephone: 503-245-1518
> Facsimile: 503-245-1417
> acl@mlrlegalteam.com
> jcp@mlrlegalteam.com
> *Attorneys for Plaintiff Perienne de Jaray*

DATED this 12th day of October, 2016.

                                                GARVEY SCHUBERT BARER

                                                By */s/Dominique Barrientes*
                                                     Dominique Barrientes, Legal Assistant
                                                     Garvey Schubert Barer
                                                     1191 Second Avenue, Suite 1800
                                                     Seattle, WA 98101
                                                     (206) 464-3939
                                                     dbarrientes@gsblaw.com

GSB:8110445.2

DEFENDANTS' OPPOSITION TO MOTION TO EXTEND
TIME FOR RESPONSE TO MOTION TO DISMISS - 11
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939