Andrew C. Lauersdorf, WSBA #35418
E-mail: acl@mlrlegalteam.com
Janis C. Puracal, WSBA #39234
E-mail:  jcp@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside St., Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

Attorneys for Plaintiff Perienne de Jaray

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

PERIENNE DE JARAY,

               Plaintiff,

     v.

ATTORNEY GENERAL OF CANADA
FOR HER MAJESTY THE QUEEN,
CANADIAN BORDER SERVICES
AGENCY, GLOBAL AFFAIRS CANADA
fka DEPARTMENT OF FOREIGN
AFFAIRS AND INTERNATIONAL
TRADE CANADA, GEORGE WEBB,
KEVIN VARGA, and PATRICK LISKA,

               Defendants.

No.:  2:16-cv-00571

PLAINTIFF'S MOTION FOR LEAVE TO
SEEK DISCOVERY

NOTE ON MOTION CALENDAR:
Friday, October 28, 2016

ORAL ARGUMENT REQUESTED

///

///

///

///

///

///

///

PLAINTIFF'S MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## I.  RELIEF REQUESTED

Plaintiff requests that the Court grant Plaintiff leave to seek discovery necessary to respond to Defendants' motion to dismiss on the grounds of *forum non conveniens*, "act of state" doctrine, and international comity.  Plaintiff's proposed discovery requests are attached to the Declaration of Andrew C. Lauersdorf as Exhibits 2-5.

## II.  STATEMENT OF FACTS

### A.    Background Facts

Plaintiff was an executive of a corporation—APEX-Micro America, Inc.—in Ferndale, Washington, when the Defendants targeted her because of her father's business in Canada.[1]  Defendants began investigating Plaintiff and her father for export violations based on falsified reports created by Defendants.[2]  Defendants filed the false reports with U.S. authorities, including the Federal Bureau of Investigations (FBI) and the U.S. Attorney's Office in Seattle, in order to wrongfully gain access to witnesses and information located in the United States, largely in Washington State where Plaintiff lived and worked.[3]  Defendants suggested that Plaintiff was running a "front company" for arms dealing and counter-proliferation.[4]  They used the minor export charges as a pretext to contact Plaintiff's employees, customers, and suppliers in the United States with allegations of terroristic activity.[5]  They repeatedly met and engaged with witnesses in Washington State.[6]

---

[1] Complaint ¶¶ 4-5 [Dkt. No. 1].
[2] *Id.* ¶ 5.
[3] *Id.* ¶ 6.
[4] *See, e.g., id.* ¶ 75.
[5] *Id.* ¶¶ 82-88.
[6] Report of Interview with Bob Rodgers (Exhibit 1 to the Declaration of Perienne de Jaray in Support of Plaintiff's Motion for Leave to Seek Discovery ("de Jaray Decl.")); Report of Interview

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

1      Defendants dropped the charges against Plaintiff suddenly and without

2  explanation.[7]  They did not, however, tell U.S. authorities that their reports

3  were falsified or that the criminal action lacked any basis in fact.[8]

4      Plaintiff's father filed a civil suit in a Canadian court, and the

5  Government of Canada admitted liability for its wrongful conduct.[9]  Plaintiff,

6  however, was unable to join the suit because of the ongoing investigation by

7  the FBI in the United States.[10]  Plaintiff filed suit to recover in this Court under

8  the Foreign Sovereign Immunities Act and the Alien Tort Statute for the

9  damage done to her on U.S. soil.

10

11  **B.**    **Defendants' Motion to Dismiss**

12      Defendants filed their motion to dismiss on September 29, 2016.[11]

13  Defendants request that the Court dismiss this case for lack of jurisdiction and

14  based on *forum non conveniens*, "act of state" doctrine, and international

15  comity.[12]  Defendants argue for *forum non conveniens*, "act of state" doctrine,

16  and international comity on the unsupported assertions that the wrongful

17  conduct occurred solely in Canada and that all witnesses are located in

18  Canada.[13]  Defendants did not offer any evidence to support their assertions of

19  fact, but have, instead, attempted to shift the burden to Plaintiff to prove the

20  Defendants' contacts with and wrongful acts within the United States to

21  support venue and jurisdiction.

22

---

with Randy Wood (Exhibit 2 to de Jaray Decl.).
[7] Complaint ¶ 124.
[8] *Id.* ¶ 127.
[9] *Id.* ¶¶ 125-126.
[10] *See id.* ¶ 127.
[11] Motion to Dismiss [Dkt. No. 22].
[12] *Id.* at pp. 20-24.
[13] *Id.*

Page 2–   PLAINTIFF'S MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

1    Plaintiff's complaint does not allege conduct occurring solely in Canada.

2  Plaintiff alleged damage arising out of Defendants' wrongful acts to engage U.S.

3  authorities and gain access to witnesses and information within the United

4  States, largely in Washington State.[14]  The documents disclosed in the criminal

5  proceedings against Plaintiff state that Defendants and their agents were

6  conducting interviews in Washington State and working with the FBI in Seattle

7  and Everett.[15]  Witnesses, including former employees of Plaintiff's company in

8  Ferndale, Washington, will testify that the Defendants approached them in

9  Ferndale and even proposed to meet at the witnesses' convenience in

10  Washington State.[16]

11    The cause of Plaintiff's damage was the Defendants' unlawful actions

12  taken to involve U.S. authorities and to embarrass and harass Plaintiff on U.S.

13  soil, largely in Washington State.[17]  Defendants now argue that it would be

14  inconvenient and improper to answer for that wrongful conduct in a U.S. court

15  in Washington State.  Plaintiff requests the Court grant Plaintiff leave to

16  conduct discovery necessary to respond to Defendants' arguments.

17

18

### III.  ISSUE PRESENTED

19    Should the Court grant Plaintiff leave to conduct discovery that is

20  narrowly tailored to respond to Defendants' motion to dismiss based on (A)

21  *forum non conveniens*, (B) "act of state" doctrine, and (C) international comity?

22

23
---
[14] *See, e.g.*, Complaint ¶¶ 6-9, 52, 59, 60-62, 77, 82-99, 127, 129, 132-134, 140-142, 147,
24  148, 154, 155, 161, 162, 168, 169.
[15] Report of Interview with Bob Rodgers (Exhibit 1 to de Jaray Decl.); Report of Interview with
25  Randy Wood (Exhibit 2 to de Jaray Decl.).
[16] Declaration of Perienne de Jaray ¶¶ 5-8.
26  [17] *See, e.g.*, Complaint ¶¶ 6-9, 52, 59, 60-62, 77, 82-99, 127, 129, 132-134, 140-142, 147,
148, 154, 155, 161, 162, 168, 169.

Page 3–   PLAINTIFF'S MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## IV.  ANALYSIS

**A.    Plaintiff seeks limited discovery necessary to respond to Defendants' motion to dismiss based on *forum non conveniens*.**

Defendants assert that Plaintiff's claims should be dismissed based upon *forum non conveniens*.  The Ninth Circuit recognizes the principle of *forum non conveniens* as "'an exceptional tool to be employed sparingly,' and not a 'doctrine that compels plaintiffs to choose the optimal forum for their claim.'"[18] The purpose of the doctrine "is to root out cases in which the 'open door' of broad jurisdiction and venue laws 'may admit those who seek not simply justice but perhaps justice blended with some harassment.'"[19]  The doctrine does not apply simply on the basis that the case involves foreign parties:  "The mere fact that a case involves conduct or plaintiffs from overseas is not enough for dismissal."[20]

Under Ninth Circuit authority, "[t]o prevail on a motion to dismiss based upon forum non conveniens, a defendant bears the burden of demonstrating an adequate alternate forum, and that the balance of private and public interest factors favors dismissal."[21]  A defendant asserting *forum non conveniens* "bears a 'heavy burden of showing that [the chosen forum] results in oppressiveness and vexation . . . out of all proportion' to the plaintiff's convenience."[22]  To sustain their burden, Defendants, here, must prove:

(1)  An adequate alternate forum:  "An alternate forum is deemed adequate if:  (1) the defendant is amenable to process there; and (2) the other

---

[18] *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011) (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002)).
[19] *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S. Ct. 839, 91 L.Ed 1055 (1947)).
[20] *Id.* (citing *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1181-82 (9th Cir. 2006)).
[21] *Id.*
[22] *Id.* at 1227 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S. Ct. 252, 70 L.Ed.2d 419 (1981)).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

1  jurisdiction offers a satisfactory remedy."[23]

2      (2)  Private interest factors:  "The factors relating to the private interest of

3  the litigants include:  (1) the residence of the parties and the witnesses; (2) the

4  forum's convenience to the litigants; (3) access to physical evidence and other

5  sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5)

6  the cost of bringing witnesses to trial; (6) the enforceability of the judgment;

7  and (7) all other practical problems that make trial of a case easy, expeditious

8  and inexpensive."[24]

9      (3)  Public interest factors:  "The public factors related to the interests of

10  the forum include:  (1) the local interest in the lawsuit; (2) the court's

11  familiarity with the governing law; (3) the burden on local courts and juries; (4)

12  congestion in the court; and (5) the costs of resolving a dispute unrelated to a

13  particular forum."[25]

14      The factor test "requires the court 'to scrutinize the substance of the

15  dispute between the parties to evaluate what proof is required and to determine

16  whether the pieces of evidence cited by the parties are critical, or even relevant

17  to the plaintiff's cause of action and to any potential defenses to the action."[26]

18  The fact-based inquiry "is hardly one to be undertaken without adequate

19  information."[27]  Some courts, therefore, recognize that "it behooves courts to

20  permit discovery on facts relevant to forum non conveniens motions."[28]  The

21  Ninth Circuit has reversed a dismissal on *forum non conveniens* and noted that

---

23  [23] *Id.* at 1225.

24  [24] *Id.* at 1229 (citing *Boston Telecomms. Grp. v. Wood*, 588 F.3d 1201, 1206-07 (9th Cir. 2009)).
[25] *Id.* at 1232 (citing *Boston*, 588 F.3d at 1211).

25  [26] *In re Bridgestone/Firestone, Inc., ATX, ATX II and Wilderness Tires Products Liability Litigation*, 131 F.Supp.2d 1027, 1029 (citing *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528, 108 S. Ct. 1945, 100 L.Ed.2d 517 (1988)).

26  [27] *Id.*
[28] *Id.*  at 1029-30.

Page 5–   PLAINTIFF'S MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

1  the trial court had denied the plaintiffs the opportunity to conduct limited

2  discovery.[29]

3     Plaintiff, here, requests limited discovery to respond to Defendants' broad

4  and unsupported assertions of inconvenience.[30]  Defendants focus their *forum*

5  *non conveniens* analysis on the location of the parties and the witnesses.[31]

6  They assert, without citation or support, that all wrongful conduct occurred in

7  Canada.[32]  They also assert, without citation or support, that all witnesses and

8  evidence will be located in Canada.[33]

9     Plaintiff's claims arise out of Defendants' unlawful acts to engage U.S.

10  authorities, which allowed Defendants to gain access to Plaintiff's employees,

11  customers, and suppliers on U.S. soil, largely in Washington State.[34]  It was

12  that conduct that ultimately destroyed Plaintiff's life, work, and ability to

13  lawfully stay in the United States.[35]

14     Plaintiff was living in Bellingham, Washington, and working in Ferndale,

15  Washington, at the time that the Canadian pretext investigation began.[36]

16  Canadian authorities, seeking to exert pressure on Plaintiff in the U.S., reached

17  out to the FBI and the US Attorney's office in Seattle, Washington.[37]  There is

18  evidence that the Defendants worked with U.S. authorities to contact

---

19  [29] *Carijano*, 643 F.3d at 1223.

20  [30] *See* Motion to Dismiss at pp. 20-24.  *See also Bridgestone*, 131 F. Supp.2d at 1030
   ("[D]iscovery should establish what pieces of evidence are important to the cause of action and
   to potential defenses.  Then, discovery must focus on the 'location of these important sources

21  of proof.'") (citing *Van Cauwenberghe*, 486 U.S. at 528; *Fitzgerald v. Texaco, Inc.* , 521 F.2d 448,
   451 n.3 (2d Cir. 1975)).

22  [31] Motion to Dismiss at p. 21.

23  [32] *Id.*
   [33] *Id.*

24  [34] *See, e.g.*, Complaint ¶¶ 6-9, 52, 59, 60-62, 77, 82-99, 127, 129, 132-134, 140-142, 147,
   148, 154, 155, 161, 162, 168, 169.

25  [35] *Id.*
   [36] *Id.* ¶ 23.

26  [37] *Id.* ¶ 82; Email from Todd Greenberg to Mark Bartlett, dated November 27, 2013 (Exhibit 1
   to the Declaration of Andrew C. Lauersdorf in Support of Plaintiff's Motion for Leave to Seek
   Discovery ("Lauersdorf Decl.")).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

witnesses, including Apex employees, customers, and suppliers, in Washington State.  For example, Defendant Varga held a meeting in Seattle, Washington with top level executive Bob Rodgers from Apex customer, NAT.[38]  Varga was joined by U.S. law enforcement Special Agent Yi-Lin Lee.[39]  Varga and Lee also held a meeting in Everett, Washington with NAT Operations Manager Randy Wood.[40]  Varga created reports of each interview disclosing the location.[41]

Plaintiff has limited documentation about the extent of Defendants' intimidation in Washington State.  Plaintiff, however, has information that Defendants were contacting Apex employees at the Ferndale, Washington facility.[42]  Plaintiff's former Executive Assistant, Holly Swartos, recalls that Canadian investigators were dropping off business cards and meeting with U.S.-based employees of Apex.  Canadian investigators contacted Swartos on multiple occasions at the Ferndale, Washington facility to ask about Plaintiff's location and find out if Swartos was aware of any suspicious activity or shipments.  Canadian investigators proposed to meet with Swartos at her convenience in the United States.

Murray Erickson, former robotics production manager at Apex in Ferndale, remembers the same.  Erickson recalls that Canadian investigators were contacting U.S.-based employees and asking questions about Plaintiff, the business, and suspicious activity.  Erickson remembers getting a call from a Canadian investigator while Erickson was living and working in Washington State, and the investigator proposed a meeting in the U.S.  Erickson started avoiding all unknown phone numbers to prevent further harassment.

---

[38] Report of Interview with Bob Rodgers (Exhibit 1 to de Jaray Decl.).
[39] *Id.*
[40] Report of Interview with Randy Wood (Exhibit 2 to de Jaray Decl.).
[41] *Id.*
[42] Declaration of Perienne de Jaray ¶¶ 5-8.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Chris Baker, a former manager at Apex in Ferndale, received a call from a Canadian investigator proposing to meet in Washington State near the Ferndale facility at Baker's convenience.  Canadian investigators were requiring U.S.-based employees to report unusual or suspicious activity to them and warning the employees not to speak to others about their investigation in the United States.

It was the unlawful involvement of U.S. authorities and the intimidation of witnesses and Plaintiff on U.S. soil that ultimately caused Plaintiff's damage. Swartos, Erickson, and Baker will testify that the employees in the Ferndale facility became scared and uncomfortable once the questioning started because investigators were suggesting that Plaintiff and the company were involved in suspicious activity.  These witnesses remember a drastic change in staffing, production, and all aspects of the supply chain at Apex in Ferndale as a result of the contacts with employees, customers, and suppliers.  After the FBI and Canadian authorities contacted witnesses in the United States and suggested that Plaintiff was involved in arms dealing and counter-proliferation, customers rescinded their contracts with Apex and employees walked away from the company to find other work.  The company was forced to fold.  Plaintiff, herself, fled to Canada out of fear that the U.S. government's broad authority under the PATRIOT Act would result in her arrest and detention in a Guantanamo-type facility for alleged acts of terrorism, before any investigation or trial could conclude.  All the while, the information given to the FBI and U.S. authorities was false, and the Defendants knew it was false.

Defendants falsely assert in their motion that all wrongful conduct occurred in Canada, and that all witnesses and evidence will be located in Canada.  The wrongful conduct that actually caused Plaintiff's damage

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

1  occurred on U.S. soil.  The witnesses who can testify to the involvement of U.S.

2  authorities and the questioning that caused the damage are located in

3  Washington State.

4       Defendants committed wrongful acts on U.S. soil in Washington State

5  and now assert that it would be inconvenient to answer for that conduct in a

6  U.S. court in Washington State.  Plaintiff requests discovery to develop

7  evidence of Defendants' contacts with authorities and witnesses in Washington

8  State to refute the assertion of *forum non conveniens*.

9
10  **B.    Plaintiff seeks limited discovery necessary to respond to
           Defendants' motion to dismiss based upon the "act of state"
11         doctrine.**

12       Defendants move to dismiss Plaintiff's complaint based upon the "act of

13  state" doctrine.

14       The "act of state" doctrine is a principle of abstention that may apply

15  where "the relief sought or the defense interposed would have required a court

16  in the United States to declare invalid the official act of a foreign sovereign

17  performed *within its own territory*."[43]  The United States Supreme Court

18  articulates the doctrine in this way:  "Courts in the United States have the

19  power, and ordinarily the obligation, to decide cases and controversies properly

20  presented to them.  The act of state doctrine does not establish an exception for

21  cases and controversies that may embarrass foreign governments, but merely

22  requires that, in the process of deciding, the acts of foreign sovereigns taken

23  within their own jurisdictions shall be deemed valid."[44]

24       Defendants, here, argue without evidence that the conduct complained of

25
26
[43] *W.S. Kirkpatrick & Co., Inc. v. Envtl Tectonics Corp., Int'l*, 493 U.S. 400, 405, 110 S. Ct. 701, 107 L.Ed.2d 816 (1990) (emphasis added).
[44] *Id.* at 409.

Page 9–   PLAINTIFF'S MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

occurred entirely in Canada.[45]  As discussed above, the complaint alleges wrongful conduct in the United States—namely, the wrongful acts used to engage U.S. authorities and gain access to witnesses and information on U.S. soil.[46]  Plaintiff has evidence that the Defendants were acting unlawfully on U.S. soil in Washington State.[47]  Plaintiff requests discovery into the extent of Defendants' wrongful conduct in the United States.  If the wrongful conduct occurred outside Canada, the "act of state" doctrine does not apply.[48]

**C.   Plaintiff seeks limited discovery necessary to respond to Defendants' motion to dismiss based upon international comity.**

Defendants move to dismiss Plaintiff's complaint based upon international comity.  The Ninth Circuit recognizes "two distinct doctrines which are often conflated under the heading 'international comity.'"[49]  The first—legislative or "prescriptive" comity—"guides domestic courts as they decide the extraterritorial reach of federal statutes."[50]  Cases involving "prescriptive" comity require proof of a "true conflict" between domestic and foreign law; for example, where a party claims that it is subject to conflicting

---

[45] Motion to Dismiss at p. 23.

[46] *See, e.g.*, Complaint ¶¶ 6-9, 52, 59, 60-62, 77, 82-99, 127, 129, 132-134, 140-142, 147, 148, 154, 155, 161, 162, 168, 169.

[47] *See, supra*, section IV.A.

[48] *See Kirkpatrick*, 493 U.S. at 405 ("In every case in which we have held the act of state doctrine applicable, the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign *performed within its own territory*. . . . The act of state doctrine . . . merely requires that, in the process of deciding, the acts of foreign sovereigns taken *within their own jurisdictions* shall be deemed valid.") (emphasis added).  *See also Liu v. Republic of China*, 642 F. Supp 297, 301 (N.D. Cal. 1986) ("The ROC concedes, as it must, that the killing of an American citizen in the United States is not the type of activity to which the act of state doctrine has generally applied."); *id.* at 301 n.2 ("In a number of those opinions, Judge Fong dismiss on act of state grounds allegations of kidnapping, torture and murder.  All of these allegations appear to have involved conduct occurring in the Philippines, not the United States.  Consequently, they provide no support for the argument that the killing of an American in the United States by agents of a foreign government should be considered an act of state for purposes of the doctrine.").

[49] *Mujica v. AirScan, Inc.*, 771 F.3d 580, 598 (9th Cir. 2014) (citing *In re S. African Apartheid Litig.*, 617 F.Supp.2d 228, 283 (S.D.N.Y. 2009)).

[50] *Id.* (citations omitted).

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

1   regulatory schemes in the U.S. and a foreign nation, and it cannot comply with

2   both.[51]

3        The second—"comity among courts" or "adjudicatory" comity—involves

4   "the discretion of a national court to decline to exercise jurisdiction over a case

5   before it when that case is pending in a foreign court with proper

6   jurisdiction."[52]  "Adjudicatory" comity requires that the court consider "a range

7   of factors when deciding whether to abstain from exercising jurisdiction due to

8   a past or potential judicial proceeding elsewhere."[53]  Both concepts require the

9   court to consider whether another sovereign has a legitimate claim to

10  jurisdiction.[54]

11       Defendants do not state whether they believe this case involves

12  "prescriptive" or "adjudicatory" comity.[55]  They do not assert that they are

13  subject to conflicting laws in Canada or that there is a past or potential judicial

14  proceeding elsewhere.[56]  Instead, the motion to dismiss states four of the seven

15  relevant factors articulated by the Ninth Circuit and attempts only to describe

16  the interests of Canada in the subject matter of this litigation.[57]  Defendants

17  state without support that the case does not involve any "countervailing nexus"

18  to the United States or any party.[58]

19

20  _____

21  [51] *Id.* at 600.
    [52] *Id.* at 599 (citing *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d
    418, 423 (2d Cir. 2005)).
22  [53] *Id.* at 600-01 (citations omitted).
    [54] *Id.* at 598 ("International comity is a doctrine of prudential abstention, one that 'counsels
23  voluntary forbearance when a sovereign which has a legitimate claim to jurisdiction concludes
    that a second sovereign also has a legitimate claim to jurisdiction under principles of
24  international law.") (citing *United States v. Nippon Paper Indus. Co.*, 109 F.3d 1, 8 (1st Cir.
    1997)).
25  [55] Motion to Dismiss at pp. 23-24.
    [56] *See Mujica*, 771 F.3d at 600-01.
26  [57] Motion to Dismiss at pp. 23-24.
    [58] *Id.* at p. 24.

Page 11–      PLAINTIFF'S MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

1    Plaintiff has alleged wrongful conduct in the United States.[59]  Plaintiff

2 has alleged that Defendants filed false reports with U.S. authorities, and

3 Plaintiff has evidence to suggest that the reporting was made to gain access to

4 witnesses and information on U.S. soil.[60]  Ultimately, Defendants used that

5 access to embarrass and harass Plaintiff.

6    Plaintiff requests discovery of Defendants' wrongful conduct in the

7 United States, including discovery of evidence to support the other factors

8 relevant to the Court's comity analysis.[61]

9    Plaintiff has narrowly tailored her discovery requests and provided a copy

10 as Exhibits 2-5 to the Declaration of Andrew C. Lauersdorf.

### V.  CONCLUSION

13    Plaintiff respectfully requests that the Court grant Plaintiff leave to seek

14 the discovery attached at Exhibits 2-5 to the Declaration of Andrew C.

15 Lauersdorf.

16    DATED:  October 13, 2016

17                                MALONEY LAUERSDORF REINER, PC

19                                By  /s/Andrew C. Lauersdorf
20                                    Andrew C. Lauersdorf, WSBA #35418
                                      E-Mail: acl@mlrlegalteam.com
21                                    Janis C. Puracal, WSBA #39234
                                      E-Mail: jcp@mlrlegalteam.com

22                                Attorneys for Plaintiff Perienne de Jaray

---

25 [59] *See, e.g.*, Complaint ¶¶ 6-9, 52, 59, 60-62, 77, 82-99, 127, 129, 132-134, 140-142, 147,
148, 154, 155, 161, 162, 168, 169.
26 [60] *See, supra*, section IV.A.
[61] *Mujica*, 771 F.3d at 603-609.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417