AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

PERIENNE DE JARAY
*Plaintiff*
v.
ATTORNEY GENERAL OF CANADA FOR HER MAJESTY THE QUEEN, ET AL.
*Defendant*

Civil Action No. 2:16-CV-00571

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Executive Office for United States Attorneys, United States Department of Justice
950 Pennsylvania Ave., NW, Room 2242, Washington D.C. 20530-0001

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Schedule A

| Place: Maloney Lauersdorf Reiner PC<br>1111 E. Burnside St., Suite 300<br>Portland, OR 97214 | Date and Time:<br>11/28/2016 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

______________________________
*Signature of Clerk or Deputy Clerk*

______________________________
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Perienne de Jaray, who issues or requests this subpoena, are:
Andrew C. Lauersdorf (acl@mlrlegalteam.com) and Janis C. Puracal (jcp@mlrlegalteam.com), Maloney Lauersdorf Reiner PC, 1111 E. Burnside St., Suite 300, Portland, OR 97214; tel: 503-245-1518

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

PROPOSED

Civil Action No. 2:16-CV-00571

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________ on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ____________________ ______________________________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________ ______________________________

*Server's signature*

______________________________

*Printed name and title*

______________________________

*Server's address*

Additional information regarding attempted service, etc.:

PROPOSED

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

PROPOSED

**SCHEDULE A TO SUBPOENA**

**Definitions**

1. The terms "person" and "persons" refers to and includes natural persons, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, trusts, estates, governments (including agencies), quasi-public entities, and all other forms of specifically identifiable legal entities, including law firms and other legal entities practicing law.

2. The singular form of a word, e.g., "person," shall also refer to the plural. Words used in the masculine, feminine, or neuter gender refer to all genders.

3. The terms "and" includes the disjunctive "or"; "or" includes the conjunctive "and."

4. The terms "identify" and "identification" mean:

(a) When used in reference to a document: its date, author, and recipient and their respective addresses, and the names of each present custodian;

(b) When used in reference to a meeting, conversation, or other communication: the date and place such meeting conversation, or other communication took place, the identity of each person who participated in, or who was present during, any part or all of said meeting, conversation, or other communication;

(c) When used in reference to a natural person: his or her full name and present or last known address and his or her present or last known business position or affiliation; and

(d) When used in reference to a corporation, partnership, or other entity: the full name and last known address of said entity, together with its principal business purpose.

5. The terms "document" and "documents" mean writing(s) of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist. These terms shall include any handwritten, typewritten, printed, photocopied, photographic, or recorded matter. These terms shall include the original (or a copy when the original is not available) and

each non-identical copy (including those which are non-identical by reason of notations or markings) of any source of information, including but not limited to, any book, pamphlet, periodical, letter, email, email attachment, report, memorandum, handwritten note, notation, message, facsimiles, telegram, cable, record, draft, diary, study, analysis, summary, magazine, booklet, circular, bulletin, instructions, minutes, photograph, purchase order, bill, check, tabulation, questionnaire, survey, drawing, sketch, working paper, chart, study, index, tape, correspondence, records of purchase or sale, contracts, agreements, leases, invoices, expense records, trip records, release appraisal, valuations, estimates, opinions, financial statement, accounting record, income statement, electronic or other transcriptions or taping of telephone or personal conversations or conferences, or any and all other written, printed, typed, punched taped, filmed or graphic matter, or tangible thing, of whatever description, however produced or reproduced (including computer stored or generated data, together with instructions and programs necessary to search or retrieve such data), and shall include all attachments and enclosures to any requested item, which shall not be separated from the item to which they are attached or enclosed.

6. The phrase "oral communications" means any utterance heard, whether in person, by telephone, or otherwise.

7. The terms "refer" or "referred to" or "relate" or "related to" or "relating to" mean relating, discussing or pertaining in any way, directly or indirectly, to a document or class of documents, event, act, occurrence, and includes without limitation, concerning, alluding to, responding to, in connection with, commenting on, in response to, about, regarding, announcing, explaining, describing, studying, analyzing, constituting, comprising, constituting, analyzing, evidencing, comparing, summarizing, discussing, reflecting, showing, forming the basis of, containing, supporting the event, act, or occurrence.

8. The terms "you," "yours," and "United States Attorney's Office" mean and include the United States Attorney's Office, and all agencies, bureaus, divisions, agents, attorneys, representatives, consultants, and all other persons either acting or purporting to act on its behalf.

9. The terms "we," "us," and "Plaintiff" mean and include Perienne de Jaray, and all agents, attorneys, representatives, consultants, and all other persons acting on behalf of Plaintiff.

PROPOSED

10. The term "Canadian Government" means and includes the Government of Canada, including the Attorney General of Canada, Canadian Border Services Agency, Global Affairs Canada fka Department of Foreign Affairs and International Trade Canada, and all other agencies, bureaus, divisions, agents, attorneys, representatives, consultants, and all other persons either acting or purporting to act on behalf of the Canadian Government.

11. The term "Apex" means and includes Apex Canada, Apex-Micro America, Apex USA, Caliber Component Solutions, and all subsidiaries, divisions, agents, attorneys, representatives, consultants, and all other persons or entities either acting or purporting to act on behalf of Apex.

13. The term "AMFD" means and includes American Micro-Fuel Device Corp., RideMaxx, and all subsidiaries, agents, attorneys, representatives, consultants, and all other persons or entities either acting or purporting to act on behalf of AMFD.

14. The term "Steven de Jaray" means and includes Steven de Jaray, and all agents, attorneys, representatives, consultants, and all other persons or entities either acting or purporting to act on behalf of Steven de Jaray.

15. The term "Indictment" means the indictment attached at Exhibit 1.

16. The term "Seized Goods" means the "programmable logic devices" seized by the Government of Canada and referred to in the indictment of Plaintiff sworn by the Government of Canada on April 29, 2010, a copy of which is attached at Exhibit 1.

PROPOSED

**Documents to Produce**

1. All documents related to any communication to or from the Canadian Government, as that term is defined above, related to "Perienne de Jaray," "Steven de Jaray," "Apex-Micro America," "Apex USA," "Apex Canada," or "Caliber Component Solutions."

2. All documents related to any communication to or from Kevin Varga, George Webb, or Patrick Liska related to "Perienne de Jaray," "Steven de Jaray," "Apex-Micro America," "Apex USA," "Apex Canada," or "Caliber Component Solutions."

3. All documents related to an individual "Perienne de Jaray."

4. All documents related to an individual "Steven de Jaray."

5. Al documents related to the entities "Apex-Micro America," "Apex USA," "Apex Canada," or "Caliber Component Solutions."

These requests should include, but not be limited to, all investigative files, correspondence, interview reports, records of correspondence with any other person, and records contained within any database, filing system, or storage system.

