Andrew C. Lauersdorf, WSBA #35418
E-mail: acl@mlrlegalteam.com
Janis C. Puracal, WSBA #39234
E-mail:  jcp@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside St., Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

Attorneys for Plaintiff Perienne de Jaray

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| PERIENNE DE JARAY,<br><br>                 Plaintiff,<br><br>        v.<br><br>ATTORNEY GENERAL OF CANADA FOR HER MAJESTY THE QUEEN, CANADIAN BORDER SERVICES AGENCY, GLOBAL AFFAIRS CANADA fka DEPARTMENT OF FOREIGN AFFAIRS AND INTERNATIONAL TRADE CANADA, GEORGE WEBB, KEVIN VARGA, and PATRICK LISKA,<br><br>                 Defendants. | No.:  2:16-cv-00571<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS |

**REPLY IN SUPPORT OF MOTION FOR EXTENSION**

Defendants have taken an unreasonable position.  There is no good reason to oppose an extension of time so that the parties and the Court can fairly address the need for discovery.

Plaintiff first attempted to seek discovery in advance of Defendants' motion to dismiss,[1] and Defendants opposed that attempt, arguing that the

_____

[1] Plaintiff's Motion for FRCP 16 Status Conference and Permission to Engage in

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

motion was premature.[2]  Defendants insisted that Plaintiff wait until the motion to dismiss was filed before requesting discovery.[3]  They also refused to disclose the factual basis for the motion on grounds of work product.[4] Defendants wrote in their opposition to the earlier motion for discovery:  "The Court should deny the motion [for discovery], with leave for plaintiff to refile once Defendants have filed their motions to dismiss, if plaintiff can properly identify and adequately support the relief she requests."[5]  They also wrote: "Plaintiff should wait to see defendants' motions to dismiss and then articulate what discovery is appropriate, if any[]."[6]  They further wrote:  "The time to consider any discovery issues pertaining to that briefing [on the motion to dismiss] is after the briefs are filed, and plaintiff can articulate what she needs and why it is appropriate."[7]

The Court denied Plaintiff's request for discovery, but instructed Plaintiff to "move at a later date to request that discovery and an extension of the deadline to respond to the Rule 12 motions."[8]

Plaintiff followed the Defendants' proposal and the Court's instruction. Within one week after the Rule 12 motion was filed, Plaintiff moved for the extension.  She also began preparing her motion for discovery and the

---

Discovery in FRCP 26(f) [Dkt. No. 15].

[2] Defendants' Opposition to Motion to Set FRCP 16 Conference and to Open Discovery [Dkt. No. 17].

[3] *Id.* at pp. 1, 8, 9.

[4] *Id.* at p. 9.

[5] *Id.* at p. 1.

[6] *Id.* at p. 8.

[7] *Id.* at p. 9.

[8] Order Denying Plaintiff's Motion for FRCP 16 Status Conference and Early Discovery at p. 3 [Dkt. No. 21].



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

proposed discovery requests in response to the factual assertions disclosed for the first time in Defendants' motion to dismiss.  Now, Defendants argue that Plaintiff's request for discovery comes too late.  Defendants' position is unreasonable in light of Plaintiff's earlier attempts to raise this issue with the Court.

Plaintiff even pointed out in her earlier motion for discovery that she would be unable to get a ruling on a motion for discovery in advance of the deadline to respond to the motion to dismiss.[9]  Defendants insisted that Plaintiff nonetheless wait until the motion to dismiss was filed before addressing the need for discovery.[10]  Now that the motion to dismiss has been filed, Defendants assert that Plaintiff is too late in filing her motions seeking discovery and an extension of time to respond.

Plaintiff also warned Defendants in her earlier motion for discovery that the grounds asserted for dismissal raise questions of fact.[11]  Case law consistently describes *forum non conveniens* as a fact-based inquiry:  "[T]he district court is accorded substantial flexibility in evaluating a *forum non conveniens* motion, and each case turns on its facts."[12]  Other federal district

---

[9] Plaintiff's Reply in Support of Motion for FRCP 16 Status Conference and Permission to Engage in Discovery Under FRCP 26(f) [Dkt. No. 19] at p. 5 (Plaintiff "properly filed this motion in advance of Defendants' motions to dismiss because she would be unable to note a motion for consideration or get a ruling in advance of her deadline to respond to those motions to dismiss.") (citing LR 7(d)(3) and LR 7(j)).

[10] Defendants' Opposition to Motion to Set FRCP 16 Conference and to Open Discovery [Dkt. No. 17] at pp. 1, 8, 9.

[11] Plaintiff's Reply in Support of Motion for FRCP 16 Status Conference and Permission to Engage in Discovery Under FRCP 26(f) [Dkt. No. 19] at p. 5.

[12] *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528, 108 S. Ct. 1945, 100 L.Ed.2d 517 (1988).  *See also In re Bridgestone/Firestone, Inc., ATX, ATX II and Wilderness Tires Products Liability Litigation*, 131 F.Supp.2d 1027, 1029 (citing *Van Cauwenberghe*, 486 U.S. at 528).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

1  courts recognize that "it behooves courts to permit discovery on facts relevant

2  to *forum non conveniens* motions."[13]  The Ninth Circuit has reversed a

3  dismissal on *forum non conveniens*, noting the trial court had denied the

4  plaintiffs the opportunity to conduct limited discovery.[14]  The act of state and

5  international comity analyses also require a fact-based inquiry.[15]  Defendants

6  even attempt in their motion to dismiss to rely on facts about the location of

7  the wrongful conduct, witnesses, and evidence, albeit without citation or any

8  affidavits in support of their factual assertions.[16]

9      Defendants insisted upon filing a motion asserting these grounds for

10  relief.  Defendants made the choice to file their motion putting these factual

11  questions at issue and now assert that the Court should not rule on the

12  questions.  Defendants have taken a heavy-handed approach to this litigation.

13  There is no good reason to oppose Plaintiff's request for an extension of time to

14  respond to Defendants' motion to dismiss.

15      Plaintiff requests that the Court stay the deadline to respond to

16  Defendants' motion to dismiss so that the Court can fairly consider the issue of

17  discovery.  Plaintiff has filed her motion for leave to seek discovery, as

18  instructed in the Court's order denying her earlier motion for discovery.

19  Plaintiff also attached the discovery she proposes to issue.

20                          **CONCLUSION**

21      Plaintiff respectfully requests that the Court stay the deadline to respond

22  to Defendants' motion to dismiss so that the Court can fairly consider the issue

23  _____

24  [13] *Id.*  at 1029-30.

    [14] *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1223 (9th Cir. 2011).

25  [15] *See* Plaintiff's Motion for Leave to Seek Discovery at pp. 9-12.

26  [16] Defendants' Motion to Dismiss [Dkt. No. 22] at pp. 21-24.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

1 | of discovery.

2 |      DATED: October 13, 2016

3 |                   MALONEY LAUERSDORF REINER, PC

4 |

5 |                   By  /s/Andrew C. Lauersdorf

6 |                      Andrew C. Lauersdorf, WSBA #35418
                     E-Mail: acl@mlrlegalteam.com

7 |                      Janis C. Puracal, WSBA #39234
                     E-Mail: jcp@mlrlegalteam.com

8 |                   Attorneys for Plaintiff Perienne de Jaray

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417