UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PERIENNE DE JARAY,<br><br>    Plaintiff,<br><br>    v.<br><br>ATTORNEY GENERAL OF CANADA FOR HER MAJESTY THE QUEEN, CANADIAN BORDER SERVICES AGENCY, GLOBAL AFFAIRS CANADA fka DEPARTMENT OF FOREIGN AFFAIRS AND INTERNATIONAL TRADE CANADA, GEORGE WEBB, KEVIN VARGA, and PATRICK LISKA,<br><br>    Defendants. | Case No. 16-571RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Plaintiff Perienne De Jaray's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss, Dkt. #24. Plaintiff filed this action on April 19, 2016. Dkt. #1. Plaintiff served Defendants under Rule 4(f) "by complying with an international treaty, the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters." Dkt. #15 at 2. Defendants did not immediately file responsive pleadings, however the parties stipulated to an extension allowing Defendants to answer the complaint or file Rule 12 motions by September 29, 2016, with

ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO
DEFENDANTS' MOTION TO DISMISS - 1

motions noted for consideration on October 21, 2016. *Id*; *see also* Dkt. #14. On August 11, 2016, Plaintiff filed a motion to begin discovery in the interim. *See* Dkt. #15 at 3. On August 26, 2016, the Court denied Plaintiff's request, noting that "Plaintiff has failed to make a showing that discovery is needed to respond to the as-yet-unfiled Rule 12 motions, but Plaintiff may move at a later date to request that discovery and an extension of the deadline to respond to the Rule 12 motions." Dkt. #21 at 3. On September 29, 2016, Defendants filed their Motion to Dismiss, noted for October 21, 2016. Dkts. #22 and #23. Plaintiff's Response is due October 17, 2016. *See* LCR 7(d)(3). Plaintiff filed the instant Motion on October 6, 2016, and a separate Motion for Leave to Seek Discovery on October 13, 2016. Dkts. #24 and #26. The latter is noted after Defendants' Motion to Dismiss and is not currently before the Court.

Plaintiff notes that Defendants' Motion to Dismiss is based on a lack of jurisdiction and the doctrines of *forum non conveniens*, "act of state," and "international comity." Dkt. #24 at 2 (citing Dkt. #22 at 20-24). Plaintiff argues that "Defendants base their arguments on the unsupported assertions that the wrongful conduct occurred in Canada and that all witnesses are located in Canada." *Id.* Plaintiff argues, without citation, that "Plaintiff's damage did not arise solely out of the wrongful conduct in Canada," because "the cause of Plaintiff's damage was the Defendants' wrongful actions taken to involve U.S. law enforcement—including the FBI and the U.S. Attorney's Office in Seattle—and to conduct an investigation on U.S. soil, which largely occurred in Washington State." *Id.* Plaintiff argues that she "requires additional information to respond to Defendants' arguments related to forum non conveniens, 'act of state' doctrine, and 'international comity' doctrine." *Id.* at 3.

In Response, Defendants argue that "[d]iscovery is unnecessary to respond to the jurisdictional dispositive issues presented by Defendants' Motions to Dismiss," and that

ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS - 2

"[d]iscovery is itself an improper infringement of defendants' sovereign immunity from suit." Dkt. #25 at 1. Defendants "note that the instant motion places the proverbial cart before the horse, requesting an extension based on a motion plaintiff has not yet shared with defendants, and will not file until after this response is served," and that "defendants have insufficient information to make a complete response, and the Court has insufficient information to make a reasoned decision." *Id.* at 4. Defendants suggest the best way to proceed "is for the Court to stay its consideration of the issues on which discovery has been sought, postpone any discovery issues, and first consider the jurisdictional issues and to rule on them, as that might resolve the case in its entirety." *Id.* at 2.

On Reply, Plaintiff recites the procedural record above, and argues that "Defendants' position is unreasonable in light of Plaintiff's earlier attempts to raise this issue with the Court." Dkt. #29 at 3. Plaintiff argues that arguments raised in Defendants' Motion to Dismiss raise questions of fact. *Id*. at 4. Plaintiff argues that "[t]here is no good reason to oppose Plaintiff's request for an extension of time to respond to Defendants' motion to dismiss" and points out that she has already filed her Motion for Leave to Seek Discovery. *Id*.

Federal Rule of Civil Procedure 6(b)(1) permits the Court to extend a deadline for "good cause" shown. Local Rule 7(j) provides that a party should request relief from a deadline "sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline."

It is Plaintiff's burden to demonstrate good cause to extend this deadline, not Defendants' burden to demonstrate a good reason to oppose it. The Court finds Plaintiff's Motion fails to demonstrate good cause. Plaintiff's Motion, on its own, presents no facts, relies on no declaration, and argues without citation to law. Defendants are left with nothing to argue

ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS - 3

against. The Court notes, with some frustration, that Plaintiff's deliberate strategy of splitting her arguments for a) an extension of time and b) leave to seek discovery prevents the Court from hearing all relevant arguments from all parties before necessarily ruling on Plaintiff's extension of time before the deadline to respond to Defendants' Motion to Dismiss. Plaintiff is well aware of this but fails to explain why she could not have included all of her arguments in a single Motion. Instead, Plaintiff appears to argue that this strategy is justified by the Court's prior ruling on early discovery. However, the Court never indicated it would grant a motion to extend time without good cause shown.[1] The Court will thus deny Plaintiff's Motion.

The Court acknowledges Defendants' suggestion for the Court to "stay its consideration of the issues on which discovery has been sought, postpone any discovery issues, and first consider the jurisdictional issues and to rule on them," and will consider that suggestion when ruling on the remaining Motions in this case, which are not currently before the Court.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Perienne De Jaray's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss, Dkt. #24, is DENIED. Plaintiff's deadline to file a Response to Defendants' Motion to Dismiss remains October 17, 2016.

DATED this 14th day of October, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If anything, the Court's prior ruling implied that Plaintiff should file her request for an extension of time and for leave to take discovery in a single motion. *See* Dkt. #21 at 3 ("Plaintiff may move at a later date to request that discovery and an extension of the deadline to respond to the Rule 12 motions").

ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS - 4