CHIEF JUDGE RICARDO MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PERIENNE DE JARAY,<br><br>        Plaintiff,<br><br>    v.<br><br>ATTORNEY GENERAL OF CANADA FOR HER MAJESTY THE QUEEN, CANADIAN BORDER SERVICES AGENCY, GLOBAL AFFAIRS CANADA fka DEPARTMENT OF FOREIGN AFFAIRS AND INTERNATIONAL TRADE CANADA, GEORGE WEBB, KEVIN VARGA, and PATRICK LISKA,<br><br>        Defendants. | NO. 2:16-cv-00571-RSM<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO SEEK DISCOVERY**<br><br>Noted on Motion Calendar:<br>Friday, October 28, 2016 |

Defendants Attorney General of Canada for her Majesty the Queen, Canadian Border Services Agency, Global Affairs Canada, George Webb, Kevin Varga, and Patrick Liska respectfully oppose Plaintiff's motion for leave to conduct discovery (Dkt. 26). Plaintiff's motion should be denied outright for the following reasons:

First, plaintiff has failed to adequately support or present her motion. She has not identified, let alone addressed, the general standards for allowing early discovery or the narrow tests for discovery of foreign sovereigns or foreign defendants. She has not submitted adequate evidence supporting her allegations, instead repeatedly citing her Complaint as if it were evidence. And she has not met and conferred with defendants on the discovery she seeks.

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO SEEK DISCOVERY - 1
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

Second, there is no dispute that discovery is an improper infringement of defendants' sovereign immunity from suit. Plaintiff admits she needs no discovery on the dipositive jurisdictional issues presented by Defendants' Motions to Dismiss. Thus, no discovery should proceed until and unless it is determined that this Court has subject matter jurisdiction.

Third, even if discovery were to be allowed, discovery is not appropriate on the issues identified by plaintiff. Defendants have withdrawn their *forum non conveniens* motion, and plaintiff cites no case law allowing discovery on the Act of State and comity motions.

Finally, the discovery sought by plaintiff is not (as she claims) "narrowly tailored," but instead is incredibly broad and burdensome. Plaintiff essentially seeks full discovery into the merits, and not simply discovery to oppose the motions to dismiss. The discovery she has provided would require months of concerted effort by defendants and their counsel as well as by third parties and cost hundreds of thousands of dollars.

**I.   Background**

The Court is familiar with the factual background of this matter from plaintiff's motions seeking discovery (Dkt. 15) and additional time to respond to defendants' motion to dismiss (Dkt. 24), both of which the Court denied (Dkt. 21 and Dkt. 30), and defendants' responses to those motions (Dkt. 17 and Dkt. 25). Defendants incorporate by reference their prior briefs on the factual background of this matter. The most important fact here is that defendants are indisputably Canadian governmental entities and employees of those entities, who are Canadian residents.

Plaintiff's claims relate to the enforcement of Canada's technology export laws. She alleges that defendants improperly investigated and prosecuted her, causing her damage. She further alleges that defendants communicated with witnesses in the U.S., and communicated and/or sought assistance from U.S. law enforcement during the investigation and prosecution.

Defendants filed Rule 12 motions to dismiss the Complaint in its entirety on September 29, 2016. Dkt. 22. The governmental defendants moved to dismiss for lack of jurisdiction

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO SEEK DISCOVERY - 2
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

under the Foreign Sovereign Immunities Act ("FSIA"), while the individual defendants moved to dismiss for lack of jurisdiction under the Alien Tort Statute ("ATS") and based on official acts immunity. All defendants also moved to dismiss under principles of *forum non conveniens*, comity, and the Act of State doctrine. These motions were brought in the alternative and are noted for consideration on Friday, October 21, 2016.

The instant motion seeks permission to conduct discovery of the defendants and of two agencies of the United States government. Plaintiff argues she needs discovery to respond to the non-jurisdictional aspects of the motions to dismiss – specifically, the arguments regarding *forum non conveniens*, comity, and the Act of State doctrine. (Plaintiff has, of course, already filed her response on these issues.) Plaintiff submitted draft discovery requests with her motion, attached the declaration of her counsel.[1] These include a combined set of four interrogatories and fourteen requests for production to defendants, and a notice of videotaped deposition of defendant Kevin Varga. They also include draft document subpoenas to be issued to the Federal Bureau of Investigation and the Executive Office of the U.S. Attorney.

The undersigned certifies that plaintiff did not meet and confer with defendants prior to this motion, and have not sought to do so prior to the filing of this opposition.

## II.     Arguments and Authorities

### A.     Plaintiff has Failed to Identify the Applicable Standards for Discovery, Thereby Prejudicing Defendants' Ability to Respond.

Continuing her pattern, plaintiff does not cite any procedural or substantive discovery standards in her motion, and thus does not provide any framework for the Court, or defendants, to analyze her motion. Yet several procedural rules and case law standards limit her right to conduct discovery at this time and provide narrow standards for considering the discovery she proposes. Plaintiff's failure to present or address these rules in her motion means that defendants are again "left with nothing to argue against." Dkt. 30, p. 3-4. Defendants will nevertheless attempt to anticipate plaintiff's arguments by identifying the applicable rules and

---

[1] Lauersdorf Decl. Exh. 2, 3, 4 and 5.

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO SEEK DISCOVERY - 3
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

standards.

First, Federal Rule of Civil Procedure 26(d) governs the timing and sequence of discovery:

> *Timing*. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Under Rule 26, all discovery must be "proportional" to the needs of the case, which includes consideration of "the importance of the discovery in resolving the issues" and whether "the burden or expense of the proposed discovery outweighs its likely benefit":

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed.R.Civ.P. 26(b)(1).  Further, Rule 26 provides various limitations on the frequency and extent of discovery, which the Court "must" apply "[o]n motion or on its own" if the Court makes certain determinations:

> *When Required*. <u>On motion or on its own, the court must limit</u> the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) <u>the proposed discovery is outside the scope permitted by Rule 26(b)(1)</u>.

Fed.R.Civ.P. 26(b)(2)(C) (emphasis added).

This Court's Local Rules also set out principles applicable to discovery.  Local Rule 26(g) provides:

> The rule is intended to promote the just, efficient, speedy, and economical determination of every action and proceeding and to promote, wherever possible, the

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO SEEK DISCOVERY - 4
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464 3939*

prompt resolution of discovery disputes without court intervention. Counsel are expected to cooperate with each other to reasonably limit discovery requests, to facilitate the exchange of discoverable information, and to reduce the costs of discovery.

The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in every case when parties formulate a discovery plan and promulgate discovery requests. To further the application of the proportionality standard in discovery, discovery requests and related responses should be **reasonably targeted, clear, and as specific as possible.**

LCR 26(g). Local Rule 37 contains requirements for motions for orders "compelling disclosure or discovery," and requires (among other things) certification of a meet and confer in all such motions. LCR 37(A)(1). "If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute." *Id.*

Finally, there are jurisprudential limitations on discovery of foreign sovereigns and foreign defendants. These standards are well known to plaintiff, because defendants have cited these standards twice in prior briefing. Discovery against a foreign sovereign "require[s] a delicate balancing 'between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery.'" *First City, Texas-Houston v. Rafidain Bank,* 150 F.3d 172, 176 (2nd Cir. 1998). "Accordingly, when FSIA immunity has been claimed, unlimited jurisdictional discovery is not permitted as a matter of course. Instead, it 'should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination.'" *Kelly v. Syria Shell Petroleum Development BV*, 213 F.3d 841 (5th Cir. 2000); *accord, Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1096 (9th Cir. 2007). Discovery against foreign defendants is subject to substantial additional limitations. *See Societe National Industrielle Aerospatiale v. U.S. District Court*, 482 U.S. 522, 546 (1987).[2]

Plaintiff fails to address any of these standards in her brief, for reasons she does not identify. Defendants suggest that plaintiff's failure raise or address these issues is an

---

[2] Defendants incorporate by reference their discussion of these standards in Dkt. 25, pp. 7-9.

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO SEEK DISCOVERY - 5
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

admission that she cannot meet the narrow standards for discovery.[3]

Lastly, plaintiff's motion should be denied for her failure to meet and confer. The purpose of conferring with opposing parties is to identify and narrow the issues, so that the Court does not have to decide discovery disputes that can be negotiated and/or resolved by the parties, and also to identify and sharpen the issues for presentation to the Court. Here, plaintiff appears unwilling to negotiate or to consider the issues that are necessarily part of this discovery motion, and her unwillingness should not be rewarded.

### B. As Discovery is Not Necessary to Resolve the Dispositive Motions to Dismiss for Lack of Jurisdiction and on Official Acts Immunity, The Court Should Postpone Any Ruling.

Plaintiff does not argue that she requires or is entitled to discovery on the jurisdictional motions to dismiss or on the motion to dismiss based on official acts immunity. Those motions are based on the immunity of defendants from any suit, and that immunity includes immunity from discovery. *Rubin v. Islamic Republic of Iran*, 637 F.3d 783, 795 (7th Cir. 2011), *cert. denied*, __ U.S. __, 133 S. Ct. 23, 183 L. Ed. 2d 692 (2012) (FSIA designed "to protect foreign sovereigns from the burdens of litigation, including the cost and aggravation of discovery."). Further, an order of this Court denying sovereign immunity is immediately appealable under 28 U.S.C. § 1291 as a collateral order. *Doe v. Holy See*, 557 F.3d 1066, 1074 (9th Cir. 2009) ("A district court's denial of immunity to a foreign sovereign is an appealable order under the collateral order doctrine."); *Compania Mexicana de Aviacion, S.A. v. U.S. Dist. Ct.*, 859 F.2d 1354, 1358 (9th Cir. 1988) ("a foreign government should not be put to the expense of defending what may be a protracted lawsuit without a prior opportunity to obtain an authoritative determination of its amenability to suit"). The same rule applies to orders denying dismissal based on claimed immunity of public officials. *Yousuf v. Samantar*, 699 F.3d 763, 768 n. 1 (9th Cir. 2012) (collateral order doctrine allows interlocutory appeal of order denying dismissal based on claim of common law official acts immunity). Thus, the issue of

---

[3] The alternative is that plaintiff deliberately wanted to wait to make her arguments on reply, and thereby prevent defendants from having the opportunity to respond.

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO SEEK DISCOVERY - 6
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

defendants' immunity will necessarily be addressed prior to any resolution of other issues in this matter.

In response to plaintiff's motion to extend her time to respond to the motion to dismiss, defendants suggested that the appropriate way for the Court to proceed is to decide the jurisdictional motions, and to hold the remaining issues raised by defendants' motion to dismiss in abeyance. Defendants submit that is still the best way for this Court to proceed. If defendants prevail (here or on appeal) on their motions to dismiss, this Court will never have to determine whether the Act of State or comity issues apply, and also will not have to resolve whether discovery on those matters is appropriate. The Court and the parties will conserve their resources on these issues until they become relevant.

### C. Discovery is Not Appropriate on the Motions to Dismiss Based on the Act of State Doctrine or Adjudicative Comity.

Plaintiff claims discovery is necessary to support her opposition to defendants' motions to dismiss based on the Act of State doctrine and international comity.[4] However, plaintiff has not cited even one case requiring discovery on such matters. Plaintiff's position is based on misinterpretations of the applicable case law.

Plaintiff's discussion of the Act of State doctrine cites two cases for the proposition that "if wrongful conduct occurred outside Canada, the 'act of state' doctrine does not apply. Based on this argument, she claims she needs discovery into "the extent of Defendants' wrongful conduct in the United States." Plaintiff is incorrect for three reasons.

First, the Act of State doctrine is not limited to cases in which all of the wrongful acts occur outside the United States. See Reply in Support of Defendants' Motion To Dismiss (Dkt. 37), at 11-12. Second, plaintiff contends she already has evidence of wrongful conduct by defendants in this country. Plaintiff does not argue that the Act of State doctrine depends on the *extent* of wrongful conduct in the U.S. Accordingly, discovery is not needed to

---

[4] Plaintiff also sought discovery to support her opposition to defendants' motion to dismiss based on *forum non conveniens*, but defendants have withdrawn that motion and so her request for discovery on that basis is moot.

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO SEEK DISCOVERY - 7
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1  establish her point, to the extent it is relevant.

2  Third, plaintiff argues that because defendants claimed that the Act of State doctrine was applicable because "the conduct complained of occurred entirely in Canada,"[5] plaintiffs can inquire into "wrongful conduct in the United States."  This argument is a straw man; defendants never argued that the Act of State doctrine depended on the lack of any wrongful activity in the U.S.  The focus of the Act of State doctrine is avoiding judicial inquiry into the acts and conduct of foreign officials.  There is no rule, and plaintiff cites no authority, that any alleged Canadian activity in the United States bars application of the act of state doctrine.

Nor does plaintiff cites authority allowing discovery into the various factors that the Court is to consider in making a comity decision.   Plaintiff does not actually specifically identify any of the comity factors, nor does she show how her discovery – of defendants' supposed wrongful acts in the U.S. – would be probative, relevant or determinative.

E.   **Plaintiff's Discovery Is Not Narrowly Tailored, But Instead is Overbroad, Unduly Burdensome, and Relates to All of the Merits Issues in this Matter.**

Plaintiff finally claims that her discovery is "narrowly tailored."  This proposition cannot withstand the slightest scrutiny of the discovery requests she has submitted.  Her discovery does not meet the proportionality standards of Rule 26(b), let alone the standards for discovery of foreign sovereigns or parties.

Plaintiff's proposed discovery consists of four discovery requests:

1.   A combined set of interrogatories and requests for production to defendants;[6]

2.   A deposition subpoena to defendant Kevin Varga;[7]

3.   A document subpoena to the Federal Bureau of Investigation;[8] and

4.   A document subpoena to the Executive Office of the U.S. Attorney.[9]

---

[5] Motion, pp. 9-10, citing "Motion to Dismiss at p. 23" in n. 45.
[6] Lauersdorf Decl. Exh. 2.
[7] Lauersdorf Decl. Exh. 3.
[8] Lauersdorf Decl. Exh. 4.
[9] Lauersdorf Decl. Exh. 5.

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO SEEK DISCOVERY - 8
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

These requests for discovery are individually and collectively unreasonable.

Plaintiff's first Request For Production alone shows how unreasonably burdensome her discovery is. That Request reads:

> **REQUEST FOR PRODUCTION NO. 1**: Produce all documents related to each and every communication, whether in computerized form or otherwise, including but not limited to, oral communications, telephone calls, letters, emails, memorandums, and notes referring or relating to the Indictment, the Seized Goods, Apex, AMFD, Perienne de Jaray, or Steven de Jaray that were generated between you and each of the following: (i) the United States Government, (ii) the Washington State Government, (iii) any governmental agency for the United States Government, (iv) any governmental agency for the Washington State Government, or (v) any state or federal court in Washington State.

Lauersdorf Decl. Exh. 2, p. 7. Plaintiff's document requests and interrogatories define the term "you" to include the Defendants and "all agencies, bureaus, divisions, agents, attorneys, representatives, consultants, and all other persons either acting or purporting to act on behalf of each Defendant."[10] This definition (and thus this request) thus includes every agency and every single employee of the federal government of Canada, well over 100,000 individuals.[11]

Plaintiff then defines "United States Government" just as broadly – covering "all agencies, bureaus, divisions, agents, attorneys, representatives, consultants, and all other persons either acting or purporting to act on behalf of United States Government."[12] As of 2014, there were over 2.6 million civilians working in the executive branch of the U.S. Government.[13] For good measure, plaintiff also includes the over 100,000 Washington State employees[14] in her definitions.[15]

Thus, plaintiff's "narrowly drawn" Request for Production No. 1 covers every communication between every single Canadian government employee and (a) every single U.S. Government employee or (b) every single Washington government employee, pertaining to

---

[10] Lauersdorf Decl. Exh. 2, p. 4, ¶ 8.
[11] See https://www.tbs-sct.gc.ca/psm-fpfm/modernizing-modernisation/stats/ssen-ane-eng.asp
[12] Lauersdorf Decl. Exh. 2, p. 4-5, ¶ 10.
[13] See https://www.opm.gov/policy-data-oversight/data-analysis-documentation/federal-employment-reports/historical-tables/total-government-employment-since-1962/
[14] http://www.ofm.wa.gov/forecasting/faq.asp
[15] Lauersdorf Decl. Exh. 2, p. 5, ¶ 11.

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO SEEK DISCOVERY - 9
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464 3939*

plaintiff, her father, their companies, and the indictment.  But the Request does not merely ask for the communications themselves – it asks for all documents "related to" each communication.   Plaintiff defines the term "related to" to include over 20 different meanings:

> The terms "**refer**" or "**referred to**" or "**relate**" or "**related to**" or "**relating to**" mean relating, discussing or pertaining in any way, directly or indirectly, to a document or class of documents, event, act, occurrence, and includes without limitation, concerning, alluding to, responding to, in connection with, commenting on, in response to, about, regarding, announcing, explaining, describing, studying, analyzing, constituting, comprising, constituting, analyzing, evidencing, comparing, summarizing, discussing, reflecting, showing, forming the basis of, containing, supporting the event, act, or occurrence.

*Id.*, p. 4.   It is hard to imagine that anyone could contend that this discovery is "narrowly tailored" to the specific issues of Act of State and comity.   This is merits discovery, and it is highly burdensome.  Just attempting to produce all responsive electronic materials would require weeks of interviews of document custodians, the hiring of forensic experts to segregate, harvest and review the materials, and screening of materials for privilege by counsel.

Of course, that is only one of fourteen Requests for Production.   Plaintiff also requests, among other things, all documents exchanged with other governments;[16] copies of every witness statement;[17] and documents that relate to various interrogatories.[18]  Interrogatory No. 1 asks defendants not only to identify anyone with whom "you" have had communications, but "for each, identify the date, the location, and the substance of the communication."[19]  This essentially asks defendants to identify out every conversation they had in their investigation and its contents.  Why would the contents of each conversation be relevant to the Act of State and comity issues?

And there is more.  Plaintiff proposes a deposition of Mr. Varga, with no time or topic restrictions.[20]  Plaintiff proposes sending document subpoenas to U.S. law enforcement

---

[16] Lauersdorf Decl. Exh. 2, pp. 7-8.
[17] Lauersdorf Decl. Exh. 2, pp. 8-9.
[18] Lauersdorf Decl. Exh. 2, pp. 8-10.
[19] Lauersdorf Decl. Exh. 2, p. 8.
[20] Lauersdorf Decl. Exh. 2.

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO SEEK DISCOVERY - 10
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464 3939*

agencies, seeking the same scope of materials from them.[21]  Plaintiff would have the defendants, and our federal and state governments, spend hundreds of thousands of dollars on early discovery, all purportedly so she can respond to the Act of State and comity issues.  This is patently unreasonable.  Her counsel's signature on the discovery requests do not meet the requirements of Fed.R.Civ.P. 26(g)(iii), that the requests are "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."

### III.   Conclusion

Defendants submit that the following standards should be applied by the Court to this matter:

1. Since plaintiff does not seek to conduct jurisdictional discovery, none should be ordered.  Any discovery pertaining to the jurisdictional motions to dismiss would be appropriate only if such discovery (a) pertains specifically, and narrowly, to the jurisdictional issues, and (b) is critical to deciding that motion.

2. Plaintiff should not be allowed any discovery on non-jurisdictional issues until the jurisdictional issues are resolved.  That is the appropriate method to protect and respect defendants' statutory and common law immunity from litigation, particularly since plaintiff concedes the defendants are governmental entities and actors.

3. Any discovery of defendants which is conducted in this matter in the future must meet the standards set out in *Societe National Industrielle Aerospatiale,* such that this court is to exercise special vigilance to protect foreign litigants from the danger that unnecessary or unduly burdensome discovery may place them in a disadvantageous position, or cause unneeded cost or burden.

4. The current proposed discovery does not meet the standards of Rule 26 or *Societe National Industrielle Aerospatiale* insofar as they are intended to assist plaintiff to responding to the Act of State and comity motions, because they are unnecessary and overbroad and it would be unduly burdensome and expensive for defendants to respond.  This is particularly true as to discovery of any ESI, because the parties have not discussed any ESI protocols.

5. Any future discovery motions should be preceded by a meet and confer.

On this basis, the Court should deny the motion for discovery.

---

[21] Lauersdorf Decl. Exh. 4 and 5

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO SEEK DISCOVERY - 11
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1  DATED this 24th day of October, 2016.

2  GARVEY SCHUBERT BARER

4  By: */s/ David R. West*
   David R. West, WSBA #13680
5  Donald B. Scaramastra, WSBA #21416
   Victoria Slade, WSBA #44597
6  1191 Second Avenue, Suite 1800
   Seattle, WA 98101
7  (206) 464-3939
   drwest@gsblaw.com
8  dscaramastra@gsblaw.com
   vslade@gsblaw.com

   *Attorneys for Defendants Attorney General of Canada for Her Majesty The Queen, Canadian Border Services Agency, Global Affairs Canada, George Webb, Kevin Varga, and Patrick Liska*

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO SEEK DISCOVERY - 12
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

# CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2016, I electronically filed the OPPOSITION TO MOTION FOR LEAVE TO SEEK DISCOVERY on behalf of Defendants Attorney General of Canada for Her Majesty The Queen, Canadian Border Services Agency, Global Affairs Canada fka Department of Foreign Affairs and International Trade Canada, George Webb, Kevin Varga, and Patrick Liska with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Andrew C. Lauersdorf
Janis C. Puracal
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Suite 300
Portland, Oregon 97214
Telephone: 503-245-1518
Facsimile: 503-245-1417
acl@mlrlegalteam.com
jcp@mlrlegalteam.com
*Attorneys for Plaintiff Perienne de Jaray*

DATED this 24th day of October, 2016.

           GARVEY SCHUBERT BARER

           By */s/Dominique Barrientes*
             Dominique Barrientes, Legal Assistant
             Garvey Schubert Barer
             1191 Second Avenue, Suite 1800
             Seattle, WA 98101
             (206) 464-3939
             dbarrientes@gsblaw.com

GSB:8145697.1

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO SEEK DISCOVERY - 13
(NO. 2:16-CV-00571-RSM)

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939