Andrew C. Lauersdorf, WSBA #35418
E-mail: acl@mlrlegalteam.com
Janis C. Puracal, WSBA #39234
E-mail: jcp@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside St., Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

Attorneys for Plaintiff Perienne de Jaray

Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| PERIENNE DE JARAY,<br><br>    Plaintiff,<br><br>  v.<br><br>ATTORNEY GENERAL OF CANADA FOR HER MAJESTY THE QUEEN, CANADIAN BORDER SERVICES AGENCY, GLOBAL AFFAIRS CANADA fka DEPARTMENT OF FOREIGN AFFAIRS AND INTERNATIONAL TRADE CANADA, GEORGE WEBB, KEVIN VARGA, and PATRICK LISKA,<br><br>    Defendants. | No.:  2:16-cv-00571<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SEEK DISCOVERY |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## I. REPLY

### A. Plaintiff repeatedly attempted conferral and compromise, and Defendants refused. Further attempts would be futile.

Plaintiff's attempts to confer and compromise on the issue of discovery were described in detail in three separate sets of briefing before the Court.[1]

Defendants have refused every effort to confer and compromise on the issue of discovery. Counsel for Plaintiff first called counsel for Defendants in July, but Defendants refused to agree to a date for conferral.[2] Counsel for Plaintiff then attempted to schedule another call with counsel for Defendants.[3] Counsel for Defendants refused to schedule a call.[4] Counsel for both parties exchanged 14 emails over the course of two weeks.[5] Defendants insisted that Plaintiff had no right to any discovery at all.[6] Plaintiff requested leave from the Court and a status conference to discuss the issue.[7] Defendants opposed that motion, refusing any discovery or even a status conference.[8] After the court instructed Plaintiff to re-raise the issue once motions to dismiss had been filed, Plaintiff requested the Court grant her additional time to discuss the issue of discovery.[9] Defendants opposed that motion, refusing even time to talk about discovery.[10]

---

[1] Plaintiff's Motion for FRCP 16 Status Conference and Permission to Engage in Discovery Under FRCP 26(f) [Dkt No. 15]; Plaintiff's Reply in Support of Motion for FRCP 16 Status Conference and Permission to Engage in Discovery Under FRCP 26(f) [Dkt. No. 19]; Plaintiff's Motion for Extension of Time [Dkt. No. 24]; Plaintiff's Reply in Support of Motion for Extension of Time [Dkt. No. 29]; Plaintiff's Motion for Leave to Seek Discovery [Dkt. No. 26].

[2] Plaintiff's Reply in Support of Motion for FRCP 16 Status Conference and Permission to Engage in Discovery Under FRCP 26(f) [Dkt. No. 19] at p. 4 (citing Email from Puracal to West, dated July 28, 2016 [Dkt. No. 20-2] at p. 2).

[3] Emails from Puracal to West, dated July 29, 2016, and August 2, 2016 [Dkt. No. 20-1].

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] Plaintiff's Motion for FRCP 16 Status Conference and Permission to Engage in Discovery Under FRCP 26(f) [Dkt No. 15].

[8] Defendants' Opposition to Motion to Set FRCP 16 Conference and to Open Discovery [Dkt. No. 17].

[9] Plaintiff's Motion for Extension of Time [Dkt. No. 24].

[10] Defendants' Opposition to Motion to Continue Date for Response to Motion to Dismiss [Dkt. No. 25].

Page 1– PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

The purpose of the meet-and-confer rule is to avoid unnecessary motions if counsel can resolve the dispute without involving the Court. A party is not required to repeat the same steps already taken that have proved fruitless. Further attempts would be futile.[11] Defendants' flat refusal to discuss or compromise on any discovery has been the subject of one voicemail, 14 emails, and three motions before the Court. Defendants took an unequivocal and uncompromising position in their opposition to Plaintiff's request for additional time to talk about discovery: "Plaintiff claims that discovery is appropriate because wrongful activity causing her damage took place in the United States, and that she needs to conduct discovery to prove those assertions. . . . Defendants disagree – no discovery is needed or appropriate on those subjects, and particularly not to address the motions that defendants have filed."[12] Defendants' counsel then added that he would be unavailable to confer.[13]

Defendants continue the same uncompromising position in their opposition brief here: "[D]iscovery is not appropriate on the issues identified by plaintiff."[14]

Defendants do not offer any reason to suggest that further conferral would have made this motion unnecessary. They, instead, use the meet-and-confer requirement as a crutch to avoid addressing this motion on its merits.

**B.    Defendants' withdrawal of the *forum non conveniens* argument does not alter the considerations of the Court.**

Defendants insisted in an earlier motion that they would raise the defense of *forum non conveniens*.[15] Plaintiff alerted Defendants to the questions of fact raised by the argument,[16] but

---

[11] *See, e.g., S.E.C. v. Yorkville Advisors, LLC*, No. 12 Civ. 7728(GBD)(HBP), 2015 WL 855796, at *6 (Feb. 27, 2015) ("The meet-and-confer requirement, like Rule 37(a)(5)(A)(i)'s good faith requirement, is 'designed to promote efficiency in litigation,' but where it proves futile and would only result in further delaying resolution of the dispute, it may not be required.").

[12] Defendants' Opposition to Motion to Continue Date for Response to Motion to Dismiss [Dkt. No. 25] at p. 9.

[13] *Id.* at p. 5 n.1.

[14] Defendants' Opposition to Motion for Leave to Seek Discovery at p. 2.

[15] Defendants' Opposition to Motion for FRCP 16 Status Conference and to Open Discovery [Dkt. No. 17] at p. 2.

[16] Plaintiff's Reply in Support of Motion for FRCP 16 Status Conference and Permission to Engage in Discovery Under FRCP 26(f) [Dkt. No. 19] at p. 5.

Page 2–    PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Defendants insisted on going forward with their motion to dismiss on that ground.[17] Defendants forced Plaintiff to gather what evidence she could, incur the expense of moving for discovery, and spend a portion of her page limit responding to the argument as grounds for dismissal.[18] Then Defendants abruptly withdrew the argument without explanation.

Defendants want the Court to believe that it can dismiss this lawsuit and safely force Plaintiff to file in Canada. That belief would be undermined by the briefing on *forum non conveniens*. The *forum non conveniens* argument places the adequacy of the Canadian court squarely at issue[19] and raises the Defendants' earlier threat to fight jurisdiction in a Canadian court on statute of limitations grounds.[20] Dismissal would leave Plaintiff without a remedy in either forum.

**C.    Plaintiff is entitled to discovery to address the arguments raised by Defendants.**

Defendants have raised "act of state" and "comity," and requested relief on those grounds, but refuse to allow any real judicial review of the facts to support the arguments. Defendants placed these facts at issue, and Plaintiff should be entitled to discover all evidence that puts authority to resolve the dispute squarely with this Court.[21]

**1.    Act of State**

Defendants assert that "Plaintiff's claims would require this Court to review the validity of official acts of the Canadian Government performed within its territory[.]"[22] Defendants are wrong. Plaintiff's claims arise out of actions taken by agents and employees of Canada on U.S.

---

[17] Defendants' Motion to Dismiss [Dkt. No. 22] at p. 19.

[18] Plaintiff's Opposition to Defendants' Motion to Dismiss [Dkt. No. 31] at p. 19.

[19] *Id.* at p. 20.

[20] Declaration of Perienne de Jaray in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss [Dkt. No. 33] at ¶ 10.

[21] Despite Defendants' suggestion to the contrary, no special rules of discovery apply. The well-known federal rules govern. *See* FRCP 26(b). The cases cited by Defendants support Plaintiff's motion. In those cases, the court allowed discovery with reasonable limitations.

[22] Reply in Support of Defendants' Motion to Dismiss Complaint [Dkt. No. 37] at p. 11.

Page 3–    PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

soil in an effort to "shut down" a U.S.-based company, which ultimately forced an innocent U.S. resident to lose her ability to live and work in the U.S.[23]

The purpose of the Act of State doctrine is to place outside of judicial review the *extraterritorial* acts of other governments. The cases cited by Defendants prove the point. In *O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A.*, a case cited by Defendants, the Second Circuit affirmed dismissal because "O.N.E.'s antitrust suit represents a direct challenge to Colombia's cargo reservation laws and to the legality of appellees' space chartering agreements under those laws."[24] There, a U.S. shipping company complained that it was shut out of trade routes in Colombia because of Columbian law giving preference to local companies.[25] The court specifically discussed the nature of the laws governing "extraterritorial antitrust cases."[26]

The other case cited by Defendants, *In re Vitamin C Antitrust Litigation*, concerns the extraterritorial application of antitrust laws over vitamin C exports from China.[27] There, the Second Circuit dismissed the lawsuit "because the Chinese Government filed a formal statement in the district court asserting that Chinese law required [the foreign] Defendants to set prices and reduce quantities of vitamin C sold abroad, and because Defendants could not simultaneously comply with Chinese law and U.S. antitrust laws[.]"[28]

Plaintiff's claims, here, do not require the Court to review the extraterritorial acts of another country. If the conduct that occurred in the U.S. was wrongful and caused injury to Plaintiff, any claimed motivation at a broader policy level is irrelevant. Moreover, if Defendants are asking the Court to ignore the acts that occurred in the U.S. and consider only their general

---

[23] *See* Plaintiff's Opposition to Defendants' Motion to Dismiss [Dkt. No. 31].
[24] 830 F.2d 449, 451 (2nd Cir. 1987).
[25] *Id.* at 450.
[26] *Id.* at 451-52.
[27] No. 13-4791-cv, 2016 WL 5017312, *2 (Sept. 20, 2016).
[28] *Id.* at *1.

Page 4–   PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

assurance that the acts involve matters of policy, Plaintiff is entitled to explore the wrongful conduct in the U.S. to prove the source of her injury.

**2.     International Comity**

Defendants still fail to offer any reasoning to suggest that this case concerns the extraterritorial reach of U.S. statutes (necessary for application of prescriptive comity) or the existence of a case pending in a foreign forum (necessary for application of adjudicatory comity).[29]  Either analysis focuses on the extraterritorial application of U.S. law: "[C]omity is most closely tied to the question of territoriality.  [The court] should consider where the conduct in question took place.  This is a critical question in determining the extraterritorial reach of U.S. statutes, and it is a relevant consideration in adjudicatory comity as well."[30]

Defendants urge the Court to consider "the alleged activity of defendants which largely occurred abroad,"[31] but argue that discovery of wrongful acts in the U.S. would be irrelevant.[32] Plaintiff's discovery requests seek the very evidence that would rebut Defendants' assertions of fact about where the misconduct occurred—the very first *Mujica* factor.[33]  In addition, U.S. courts have a strong interest in adjudicating disputes over wrongful conduct that occurred within the court's territory, and the U.S. government has a strong interest in adjudicating illegal activity on U.S. soil.  Plaintiff is entitled to explore the extent of wrongful conduct or illegal acts that occurred within the court's territory and under U.S. law to prove that the *Mujica* factors disfavor abstention.[34]

---

[29] *See* Plaintiff's Motion for Leave to Seek Discovery [Dkt. No. 26] at p. 10-11.
[30] *Mujica v. AirScan, Inc.*, 771 F.3d 580, 604-05 (9th Cir. 2014).
[31] Defendants' Reply in Support of Motion to Dismiss Complaint [Dkt. No. 37] at p. 12.
[32] Defendants' Opposition to Motion for Leave to Seek Discovery [Dkt. No. 38], at p. 8.
[33] *Mujica*, 771 F.3d at 604.
[34] *Id.*

Page 5–  PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**D.   Plaintiff's discovery requests are narrowly tailored to the issues raised by Defendants.**

Defendants' adamant opposition to discovery suggests that they have something to hide.

Plaintiff limited her discovery requests to seek evidence of wrongful conduct that occurred on U.S. soil and involved the acts giving rise to the Complaint. Defendants feign concern about requests that they argue are addressed to over 100,000 individuals and involve 2.6 million U.S. civilian employees. Defendants expect the Court to prohibit discovery entirely because they are too big to be discovered.

Defendants know who, in their control, took action against Plaintiff and were involved in the negligent investigation and unlawful conduct in the U.S. The discovery requests are no more broad than any other case involving a governmental entity or even a multi-national corporation. Even in the cases cited by Defendants, the courts did not prohibit discovery; they simply limited it where appropriate. The size of the defendant does not justify the complete prohibition of discovery.

Defendants, here, have exceeded their authority, admitted liability for negligence,[35] and now seek to hide from any discovery into their wrongful conduct or prior admissions. Defendants have sought relief from the Court and expect the Court to accept their bare assertions of fact regarding conduct outside the U.S. Plaintiff has offered evidence to rebut those assertions and to prove wrongful conduct that occurred within the Court's jurisdiction. Defendants' continued insistence that the wrongful conduct occurred in Canada justifies Plaintiff's request to seek discovery of additional evidence of acts in the U.S.

## II. CONCLUSION

Plaintiff respectfully requests that the Court grant Plaintiff leave to seek the discovery attached at Exhibits 2-5 to the Declaration of Andrew C. Lauersdorf.

---

[35] Declaration of Perienne de Jaray [Dkt No. 33] at ¶ 10.

Page 6– PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DATED: October 28, 2016

          MALONEY LAUERSDORF REINER, PC

By /s/Andrew C. Lauersdorf
    Andrew C. Lauersdorf, WSBA #35418
    E-Mail: acl@mlrlegalteam.com
    Janis C. Puracal, WSBA #39234
    E-Mail: jcp@mlrlegalteam.com

Attorneys for Plaintiff Perienne de Jaray

Page 7– PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SEEK DISCOVERY

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2016, I electronically filed PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SEEK DISCOVERY on behalf of Plaintiff with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

David R. West
Donald B. Scaramastra
Victoria M. Slade
Mark B. Feldman, Of Counsel
GARVEY SCHUBERT BARER
1191 Second Ave., 18th Floor
Seattle, WA 98101
    *Of Attorneys for Defendants*

DATED: October 28, 2016

MALONEY LAUERSDORF REINER, PC

By /s/Andrew C. Lauersdorf
Andrew C. Lauersdorf, WSBA #35418
E-Mail: acl@mlrlegalteam.com
Janis C. Puracal, WSBA #39234
E-Mail: jcp@mlrlegalteam.com

Attorneys for Plaintiff Perienne de Jaray

Page 1– CERTIFICATE OF SERVICE

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417